## In re BLAIR.

(Supreme Court, Special Term, New York County. July 9, 1900.)

HABEAS CORPUS—PRELIMINARY EXAMINATION—DELAY OF TRIAL.

> Code Cr. Proc. § 191, provides that a criminal examination must be completed at one session, provided that the magistrate, for good-cause shown, may adjourn it for not more than two days at a time. Pen. Code, § 540, makes it a crime for one to bring property into the state which he has stolen abroad. On an examination of a person charged with stealing jewelry, under section 540, it appeared that the jewelry was found in the possession of defendant, who told a detective that he received it from a woman for the purpose of sale, whose name and address he gave; that on investigation such name and address proved fictitious; that a cablegram was received from England, announcing a theft of jewelry; that the jewelry was identified by a witness for the people. *Held*, that adjournments taken from July 3d to July 5th, and July 5th to July 7th, for the purpose of obtaining evidence of the theft, were not an unreasonable delay of the trial, and it could not be said that there was not sufficient proof to hold the defendant, as the evidence of the theft, coupled with guilty possession, would be strong evidence of guilt, and defendant would not be discharged on habeas corpus.

Application of Charles W. Blair for a writ of habeas corpus to discharge him from restraint on a charge of stealing property abroad and bringing it into the state. Petitioner remanded.

O'Hare & Dinneanan, for petitioner.

Asa Bird Gardiner, Dist. Atty., for the People.

McADAM, J. The prisoner was arrested June 27, 1900, charged with the crime of stealing, without the state, the property of Mr. and Mrs. Edwin Gould, and bringing said property within this county, contrary to the statute. Pen. Code, § 540. The prisoner pleaded not guilty, and at his request the examination before the magistrate was adjourned until July 3d at 2 p. m., on which day the examination proceeded. Mr. Schrady, who testified for the people, identified the property, consisting of jewelry, as belonging to the Gould family; many of the articles bearing their initials. Detective Cronin, who likewise testified, proved that he found the jewelry in question in the possession of the prisoner, who told the detective that the jewelry did not belong to him; that he got it from a woman at Coney Island, who directed him to dispose of it. The detective asked who the woman was and where she lived, and, on being informed thereof by the prisoner, the detective, after a diligent search, could find no such woman at the place designated. These circumstances cast strong suspicion against the honesty of the prisoner's possession of the property, and all that remained to make a complete case under the statute was proof

of the larceny, which occurred at a hotel in London, England, where the Goulds were then stopping. The Goulds are still abroad. Hence their evidence cannot, in the nature of things, be supplied without some necessary delay. The chief of Scotland Yard sent a cablegram to the chief of the detective force at New York that four other larcenies were committed at the same hotel on the same night, and that the thief was, no doubt, one and the same. When the larceny is established, the possession by the prisoner of the fruits of the crime recently after its commission is prima facie evidence of guilty possession. 1 Greenl. Ev. (14th Ed.) § 34; Goldstien v. People, 82 N. Y. 231; People v. McCallam, 103 N. Y. 587, 9 N. E. 502.

After Schrady and Cronin had testified, the people moved for an adjournment of the examination, which was granted until July 5th, and on that day a further adjournment was granted until July 7th. In the meantime the writ of habeas corpus was obtained for the purpose of procuring the prisoner's discharge on the grounds (1) that there was not sufficient proof to hold the prisoner; and (2) that the magistrate had no power to adjourn the examination to await further evidence. While there is not at present sufficient evidence to hold the prisoner, there may be ample before the examination is concluded. Section 191 of the Code of Criminal Procedure provides that:

"The examination must be completed at one session, unless the magistrate, for good cause shown, adjourn it. The adjournment cannot be for more than two days at each time, unless by consent or on motion of the defendant."

The meaning of this section is that the magistrate, for good cause shown, may continue the examination by adjournments of not more than two days at each time, so long as the necessities of the case and the ends of justice require. If this were not so, no prisoner could ever be placed on trial in a case like the present, where the larceny took place in a foreign country, and the witnesses to it were in the place where it occurred. Good cause is often furnished by the conditions that confront us. The statutes and constitutional provisions giving the right to a speedy examination or trial are intended to guard against the abuse of delay on the part of the prosecution, but not to shield a prisoner from the consequences of delays for which the prosecution is not in any wise responsible. 15 Am. & Eng. Enc. Law, 164, 165. The people proved that every step necessary to obtain the required evidence had been taken, and that due diligence in regard thereto had been used. There was, therefore, good cause shown for the adjournments had; and there has been no arbitrary disregard of any right of the prisoner, and no abuse of discretion by the magistrate. These adjournments, in the manner pointed out by section 191 of the Criminal Code, may continue until unreasonable and unnecessary delay are attributable to the prosecution, when good cause for their continuance will cease. The prisoner may be discharged, pending the examination, on $2,000 bail. Neither the liberty of the subject nor the cause of justice will suffer in the slightest by this disposition of the matter.

The writ must therefore be dismissed, the prisoner remanded, and the magistrate directed to proceed with the examination in the manner indicated.