# SUPREME COURT — APPELLATE DIVISION — SECOND DEPARTMENT.

## April, 1920.

## THE PEOPLE v. ALEX SHIMKO.

### (111 Misc. 487.)

JURISDICTION—CITY COURT OF UTICA—INDICTMENTS—MISDEMEANORS—GRAND JURY—LAWS OF 1889, CHAP. 154, § 4.

Under the provision of section 4 of chapter 154 of the Laws of 1889, vesting in the City Court of Utica, in the first instance, exclusive jurisdiction to try and determine practically all complaints for misdemeanors committed within said city, which declares that said section shall not be construed to abridge the powers of any grand jury in the county of Oneida to find any indictment for a misdemeanor committed in said city, such a grand jury has jurisdiction to indict one charged with having committed adultery in said city.

MOTION by defendant to dismiss indictment.

*Nicholas G. Powers,* for motion.

*William R. Lee, District Attorney,* opposed.

HAZARD, J.:

The defendant was indicted for the crime of adultery by a grand jury of this county sitting in connection with the Trial Term of the Supreme Court held in Utica in May, 1919. Two grounds are assigned for the motion. One is that inasmuch as the crime charged is a misdemeanor the grand jury had no jurisdiction to indict. The second is that inasmuch as several terms of this court (to which the indictment was sent) have been held since the finding of the indictment, it should be dismissed for lack of prosecution. We will consider the points in the order named, taking up firstly the subject of jurisdiction: It is probably true that in the general understanding

Courts of Special Sessions have jurisdiction in all cases of misdemeanor unless indeed the contrary is specified in the statute defining the crime. The power of grand juries to consider cases of misdemeanor is involved in this motion, and we will, therefore, take up a consideration of the law as set forth in the Code of Criminal Procedure.

Courts of Special Sessions are given exclusive jurisdiction to try those misdemeanors which are enumerated in the rather numerous paragraphs of section 56. However, there are other misdemeanors, with reference to which the jurisdiction of Courts of Special Sessions *is not* exclusive. With reference to them the Supreme Court has concurrent jurisdiction. (Section 22, par. 1.)

The crime of adultery is *not* among those enumerated in section 56. This question is, therefore, presented: When accused of that crime in a Court of Special Sessions may a defendant elect to be tried by Special Sessions under paragraph 38 of section 56? The answer apparently is that he may not; as the penalty prescribed for adultery exceeds fifty dollars (Penal Law, § 102), and the crime is not included in section 56.

It would thus seem that Courts of Special Sessions have no jurisdiction to try one charged with the crime of adultery. Apparently section 211 does not apply to such a case, for the reason above pointed out, viz., that owing to the size of the penalty the case is excepted entirely from the provisions of paragraph 38 of section 56. In such a case as this the section provides: "He can only be held to answer to a court having authority to inquire by the intervention of a grand jury into offenses triable in the county." (See, also, People v. Mullen, 66 Misc. Rep. 476, 479, 27 N. Y. Crim. 477.)

It would thus seem from the plain wording of the statute that Courts of Special Sessions have jurisdiction only in those cases which are enumerated in section 56, and also in such other cases of misdemeanor wherein the penalty prescribed does not exceed a fine of fifty dollars or imprisonment not exceeding

six months, and in which the defendant elects to be tried by Special Sessions. It seems impossible to give the final sentence of paragraph 211 any effect and hold otherwise.

If the foregoing conclusions are correct, it follows that a Court of Special Sessions or a Police Court of similar grade has not jurisdiction to try a charge of adultery, at least so far as the provisions of the Code of Criminal Procedure are concerned.

The claim is made, however, that inasmuch as the crime charged is alleged to have been committed within the city of Utica, the City Court of that city has not only jurisdiction, but exclusive jurisdiction. The criminal jurisdiction of that court is defined by chapter 154 of the Laws of 1889 (a part of section 4) as follows: " While sitting as a court of special sessions, said city court shall in the first instance except as hereinafter provided have exclusive jurisdiction to try and determine all complaints for misdemeanors committed in said city of Utica, where the term of imprisonment does not exceed one year, with or without a fine, not exceeding five hundred dollars, excepting conspiracies and to impose the same punishment as is authorized by statute in like cases to be inflicted by the court of sessions of the county of Oneida. The defendant, charged with a misdemeanor committed within the corporate limits of the city of Utica, shall not have the right to give bail to await the action of any grand jury, but said city court shall have power in its discretion to admit any defendant charged with a misdemeanor to bail to await the action of any grand jury, to take bail for the appearance of the defendant for trial in the forms prescribed by the Code of Criminal Procedure in all criminal actions triable therein. This section shall not be construed to abridge the powers of any grand jury in the county of Oneida to find any indictment for a misdemeanor committed in said city of Utica, or to abridge the powers of the court of oyer and terminer, or court of sessions, in and for said county, to try any such indictment."

The provisions of the foregoing statute seem contradictory and difficult to understand. These *first* give " exclusive jurisdiction " in practically if not actually all cases of misdemeanor. *Secondly,* the right to give bail to await the action of the grand jury is taken away. *Thirdly,* a discretion is reserved in the court to take such bail. *Fourthly,* there follows the provision which apparently is antagonistic to the first three referred to and which says that the section " shall not be construed to abridge the powers of any grand jury in the county of Oneida to find any indictment for a misdemeanor committed in said city of Utica." It seems impossible to reconcile these provisions and give full effect to each. Counsel for defendant argues ingeniously that the statute was intended to give certain powers to the City Court, and that the intention expressed in the " reservation," or fourth provision, amounts only to reserving to the grand jury those rights which it already had, which he claims to be *only* the right to hear such misdemeanor cases as may be certified to it under section 57 of the Code of Criminal Procedure.

Exactly what the framers of the statute under discussion may have had in mind I will not undertake to decide; but defendant's contention is based upon the untenable position that a Court of Special Sessions would have jurisdiction of the crime of adultery (aside from the statute in question), and that the Supreme Court would not. This being, as I believe, an error, the whole contention falls to the ground.

Obviously, the Legislature in passing the City Court Act intended to confer certain powers upon it; but I think it is equally obvious that it did not intend to curtail or " abridge " the powers of the grand jury. It is unnecessary to decide that the City Court was absolutely without jurisdiction in this case, but I fail to see how any reasonable effect can be given to the " reservation " in the City Court Act without holding that the grand jury had jurisdiction in this case.

There is nothing in People v. Knatt (156 N. Y. 302, 13

N. Y. Crim. 92) which interferes with this decision, as it was squarely held in that case that the crime involved was one of those enumerated in section 56 of the Code of Criminal Procedure.

I have been unable to find any case bearing directly upon this point with reference to an indictment for adultery, but have reached the conclusion that the first point raised by the moving party is untenable.

With reference to the second point, the failure to prosecute the indictment: It appears that the principal witness for the prosecution has been ill, or at least has claimed to have been ill at every term of the County Court which has been held since the indictment was found. While the good faith of this somewhat protracted illness is questioned by the moving party herein, there is really no proof substantiating such claims. In the absence of such proof I think the district attorney should have one more opportunity to present this case for trial if he desires; but if the case is not tried at the next term of this court the defendant may renew this motion, when it will be passed upon upon the facts as then appear. The present motion is denied.

Motion denied.