570

THE PEOPLE OF THE STATE OF NEW YORK ex rel. HAROLD SEILER
and JOSEPH LYNCH, Relators, against WARDEN OF CITY PRISON
et al., Defendants.

Supreme Court, Special Term, New York County, March 6, 1951.

*Henry A. Lowenberg* for Harold Seiler, relator.

*Joseph Aronstein* for Joseph Lynch, relator.

*Frank S. Hogan, District Attorney (Salvatore J. Camp* of
counsel), for defendants.

DICKSTEIN, J. Relators have sued out writs of habeas corpus
upon defendants alleging that they are being deprived of a
right to a speedy trial of an indictment pending in the Court
of General Sessions, New York County. On April 24, 1950,
they were indicted upon charges of robbery, grand larceny
and assault. On May 3, 1950, upon arraignment, relators

pleaded not guilty. The case appeared on the trial calendar of General Sessions on June 5 and 19, November 28, and December 12, 1950. The case was set for trial on January 9, 1951, at which time it was again adjourned, over objection of relators, to January 22, 1951. On the latter date, the trial was again adjourned to February 5, 1951, over objection of the relators.

One of the important rights of a defendant in a criminal prosecution is his right to a speedy trial. Section 12 of the Civil Rights Law, and section 8 of the Code of Criminal Procedure, specifically guarantee that right. Many States incorporate such protection in their Constitutions, and the United States Constitution in the Bill of Rights (U. S. Const., 6th Amendt.), provides that " In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial ". Such protection is a necessary ingredient to prevent the oppression of citizens by inordinate delays in prosecutions. Every person charged with crime should have the legal right to insist upon reasonable dispatch in disposing of a criminal charge being held over him.

While there may be reasons for delay in prosecutions, and allowances should be made for such occasions, where a defendant has not acquiesced in adjournments and has insisted upon trial no unreasonable delay will or should be countenanced. The District Attorney has not offered any reasonable explanation for the delay in the instant case.

While section 668 of the Code of Criminal Procedure, offers a remedy to a defendant to move to dismiss for lack of prosecution in the court where the indictment is pending (see *People ex rel. McGowan* v. *Warden of City Prison,* 155 App. Div. 484), habeas corpus may also be a proper remedy. (See *People ex rel. Estes* v. *Warden of City Prison,* 22 Hun 618, opinion in 11 N. Y. Week. Dig. 271 [1880].)

The relators must be treated differently upon this application. Simultaneously herewith this court has dismissed a writ (addressed to extradition proceedings) brought by relator Seiler and has directed his surrender to the authorities in New Jersey. Under section 848 of Code of Criminal Procedure, where a criminal prosecution is pending in this State, it lies in the discretion of our Governor whether to surrender a person to the demanding State or hold him until the criminal prosecution has been disposed of here. (See Uniform Crim. Extradition Act, § 19; *Commonwealth ex rel. Accobacco* v. *Burke,* 162 Pa. Superior Ct. 592, and *Ex Parte Bell,* 75 N. E. 2d 186 [Ohio].)

Therefore, since relator Seiler is being surrendered to the authorities of the State of New Jersey under the warrant of the Governor of this State, the discretion of the Governor under section 848 must be respected. Seiler's application for a speedy trial in New York must, therefore, be denied and the writ dismissed as to him.

As to defendant Lynch, however, the writ will be sustained to the extent of ordering the discharge of said defendant and the dismissal of the indictment unless he is brought to trial not later than the April Term of the Court of General Sessions. Settle order.