UNITED STATES of America ex rel. Louis VON CSEH, Petitioner-Appellant,

v.

Edward M. FAY, Warden of Greenhaven State Prison, Stormville, New York, Respondent.

No. 149, Docket 27335.

United States Court of Appeals Second Circuit.

Submitted Oct. 26, 1962.

Decided Feb. 18, 1963.

Kevin Thomas Duffy, George I. Gordon, New York City, for petitioner-appellant.

Louis J. Lefkowitz, Atty. Gen., of the State of New York, Samuel A. Hirshowitz, First Asst. Atty. Gen., Gretchen White Oberman, Asst. Atty. Gen., New York City, for respondent.

Before LUMBARD, Chief Judge, and SWAN and MOORE, Circuit Judges.

LUMBARD, Chief Judge.

Von Cseh appeals from a denial by the District Court for the Southern District of New York, Dimock, J., of his application for a writ of habeas corpus. The application was based on the claim that the delay by the State of New York in bringing his case to trial denied him due process of law. Finding no merit in the allegation, we affirm.

Von Cseh was indicted in the Court of General Sessions on October 15, 1953 on thirty-one counts of grand larceny and forgery in the second degree alleged to have been committed two to five years before the indictment. He was arraigned on October 19, 1953 when he pleaded not guilty and was enlarged on $15,000 bail. Three days later the District Attorney for New York County moved the case for trial. Von Cseh's counsel objected to the haste because he had not had time to prepare or to present motions addressed to the indictment. The case was adjourned until November 13, 1953.

The principal witness against Von Cseh was one Mathur, a resident of India. He had testified before the grand jury. At the request of the District Attorney, a conditional examination of Mathur, as provided for in §§ 219 and 621 of the New York Code of Criminal Procedure was conducted on November 9, 10, 12 and 17, 1953, to which the defendant consented but only on the assurance of the District Attorney that Mathur would be brought back for the trial. See New York Code of Criminal Procedure, § 8 relating to the use of a conditional examination as an exception to the right of confrontation of witnesses. The purpose of the conditional examination was to preserve the testimony of Mathur who was expected to leave the jurisdiction before appellant's counsel could complete his preparation of the case. On November 17, 1953, the examination was discontinued. Appellant maintains that the District Attorney was not prepared to proceed with the examination, whereas the state contends that other obligations of appellant's counsel prevented the scheduling of further sessions. In any case, the discontinuance was by consent of both parties. Shortly after the November 1953 examinations Mathur returned to India.

Meanwhile, on November 13, the defendant had moved for a bill of particulars which was granted and the bill was filed on December 10, 1953. All other motions were disposed of by May 1, 1954. Nothing further happened until January 7, 1955, when the District Attorney moved the case for trial. He explained that he was not then ready, but asserted that he would be ready in three months when Mathur was expected from India. Counsel for defendant stated, however, that he was then ready to go to trial. Thereafter, on April 18, 1955, September 13, 1955, and November 1, 1955, the case was adjourned because Mathur was still in India. On April 11, 1956, Von Cseh's bail was reduced from $15,000 to $1,500. At that time the District Attorney stated that Mathur was expected in October. When October came and Mathur continued to be absent, the District Attorney was compelled to seek an additional adjournment until the following April. The defendant then moved for an order dismissing the indictment for want of prosecution under the New York Code of Criminal Procedure, § 668.[1] Judge McCullen denied the motion with leave to renew on or about April 10, 1957. The motion was again denied in April 1957, and also on May 22, 1957, on which date the trial commenced, more than 43 months after the indictment.

The trial resulted in conviction on all but two counts, which were dismissed. On November 18, 1957, Von Cseh was sentenced to concurrent terms of two to four years on all but one of the remaining counts.[2]

■ The Appellate Division affirmed the judgment on the forgery counts, but reversed the conviction on the grand larceny counts, dismissing those counts, 9 App.Div.2d 660, 191 N.Y.S.2d 699 (October 20, 1959), and the Court of Appeals affirmed, 8 N.Y.2d 993, 205 N.Y.S.2d 329,

1. "If a defendant, indicted for a crime whose trial has not been postponed upon his application, be not brought to trial at the next term of the court in which the indictment is triable, after it is found the court may, on application of the de- fendant, order the indictment to be dismissed, unless good cause to the contrary be shown."

2. Sentence on the first count was suspended.

169 N.E.2d 423 (July 8, 1960), Von Cseh began the service of his sentence on August 17, 1960 although his petition for writ of certiorari was not denied until February 20, 1961. 365 U.S. 817, 81 S. Ct. 699, 5 L.Ed.2d 695 (1961). Appellant raised his claim of undue delay at each stage of his appeal, but the point was never expressly passed upon. We hold that he exhausted his state remedies.

■ This appeal from Judge Dimock's denial of the petition for a writ of habeas corpus was taken on submission on October 26, 1962. At that time, this court was advised that Von Cseh had been paroled on August 15, 1962. Because the question of whether parole rendered a petition for writ of habeas corpus moot was unsettled, we reserved decision of this appeal until the Supreme Court decided that question in Jones v. Cunnigham, (1963). It is now clear that a petitioner released on parole remains "in custody" within the meaning of the federal habeas corpus statute, 28 U.S.C. § 2241. See United States ex rel. Sadness v. Wilkins, 312 F.2d 559 (1963). We proceed to the merits.

■ It has been held that the due process clause of the Fourteenth Amendment does not make the speedy trial provision of the Sixth Amendment directly applicable to state action. Odell v. Burke, 281 F.2d 782, 787 (7 Cir. 1960), cert. denied, 364 U.S. 875, 81 S.Ct. 119, 5 L.Ed.2d 96 (1960); In re Sawyer, 229 F.2d 805, 811-12 (7 Cir. 1956), cert. denied, sub nom. Sawyer v. Barczak, 351 U.S. 966, 76 S.Ct. 1025, 100 L.Ed. 1486 (1956); see Note, The Right to Speedy Trial, 57 Colum.L.Rev. 846, 861 (1957). To establish a violation of the due process clause appellant must prove that the delay precluded a fair determination of the charges against him. Odell v. Burke, supra.

■ Four factors are relevant to a consideration of whether denial of a speedy trial assumes due process proportions: the length of delay, the reason for the delay, the prejudice to defendant, and waiver by the defendant. See Note, 57 Colum.L.Rev. 846, 861-63 (1957). These factors are to be considered together because they are interrelated. For example, even a short delay might constitute a violation of the defendant's constitutional right where the defendant is held without bail, and there is no reason for the delay.

■ Federal courts, in interpreting the speedy trial provision of the Sixth Amendment, which applies to federal prosecutions, have held that the right is personal to the defendant and is deemed waived unless promptly asserted. See United States v. Lustman, 258 F.2d 475 (2 Cir. 1958), cert. denied, 358 U.S. 880, 79 S.Ct. 118, 3 L.Ed.2d 109 (1958). Such a rule is based on the almost universal experience that delay in criminal cases is welcomed by defendants as it usually operates in their favor.[3] Obviously, the same considerations are relevant when federal courts are asked to decide if delay in state proceedings constitutes a denial of due process.[4] Von Cseh announced on January 7, 1955 that he was ready for trial. Later he made three motions to dismiss the indictment under the New York Code of Criminal Procedure, § 668. Such a motion preserves the objection on the record for appeal in New York. People v. Smith, 4 App.Div.2d 914, 167 N.Y.S.2d 129 (1957).[5] Von Cseh did not waive his rights under New York law or the federal Constitution.

3. In the instant case, for example, defendant delayed the trial by making motions—albeit legitimate motions—until the principal witness for the state was outside the jurisdiction. Thereafter he pressed for trial and, after some additional time, for dismissal of the indictment.

4. In New York, the rule is that there is no obligation on the defendant affirmatively to seek a speedy trial. Waiver exists only if the accused actually or impliedly consents to delay. People v. Prosser, 309 N.Y. 353, 130 N.E.2d 891, 57 A.L.R.2d 295 (1955).

5. It is apparent that denial of such a motion is not intermediately appealable under New York practice. See People v. Chirieleison, 3 N.Y.2d 170, 164 N.Y.S.

It is true that the delay of three years and seven months from indictment to trial was unusually long. But there could hardly have been a better reason for delay, as the state's principal witness was in India, where he resided, and it was beyond the power of the state to compel his return.[6] New York, in enforcing its speedy trial provision, has never granted a motion to dismiss under § 668 when the state's reason for delay was the unavailability of a witness. In People v. Fleming, 179 Misc. 1022, 40 N.Y.S.2d 556 (Gen.Sess.1943) where the witness was not located, and in People v. Shimko, 111 Misc. 487, 183 N.Y.S. 893 (County Ct. 1920), where the witness had been ill for some time, the District Attorney was still given until the end of the next term of court to bring the case to trial. Cf. In re Blair, 32 Misc. 175, 65 N.Y.S. 640 (1900) (preliminary examination of defendant under New York Code of Criminal Procedure, § 191 properly adjourned where "the larceny took place in a foreign country, and the witnesses to it were in the place where it occurred."). As noted above, the defense was not ready to proceed on November 17, 1953 as it had moved for a bill of particulars only four days before. After November 1953, Mathur was outside the jurisdiction and the District Attorney had only his promise to return within a short time, although the return was continuously delayed. There was no further delay when Mathur came to New York.

Von Cseh has not demonstrated that any prejudice resulted from the delay. He was enlarged on bail during the entire period in question. He does not contend that the delay interfered in any way with the preparation or presentation of his defense. We do not think that Von Cseh's general allegations regarding his inability to maintain gainful employment or regarding his mental anguish or that of his family present the type of prejudice contemplated by the Fourteenth Amendment. It is not the purpose of the due process clause to defend an accused against public opprobrium. So far as this case is concerned, it is addressed only to guaranteeing that the issues were not unfairly determined by reason of the long delay. Cf. Ullman v. United States, 350 U.S. 422, 430, 76 S.Ct. 497, 502, 100 L.Ed. 511 (1956).

Although the delay was quite extended, and the appellant did not waive his rights to protest the delay, we find that the reason for it was valid and Von Cseh was not prejudiced by it. We hold that the State of New York did not deny due process of law to Von Cseh. We affirm the denial of his application for a writ of habeas corpus.

2d 726, 143 N.E.2d 914 (Ct.App.1957) referring to a previous unreported Appellate Division decision in the same case. The circumstances under which state habeas corpus may be used instead of a motion under § 668 is unclear, see People ex rel. Seiler v. Warden, 199 Misc. 570, 102 N.Y.S.2d 969 (Sup.Ct.1951), citing People ex rel. Estes v. Warden, 22 Hun. 618 (Sup.Ct.1880), which simply say, "Writ dismissed." But it seems clear that the petitioner must be actually in custody.

6. The United States has no treaty with India which provides for the extradition or forced return of witnesses.