**UNITED STATES of America**

v.

**Bak G. CHIN.**

**No. 62 Cr. 338.**

United States District Court
S. D. New York.

Oct. 27, 1969.

---

------◆------

Robert M. Morgenthau, U. S. Atty., Southern District of New York, by James T. B. Tripp, Asst. U. S. Atty., for the United States.

Murray Gottesman, New York City, for defendant.

## OPINION

TYLER, District Judge.

The defendant, Bak G. Chin, was indicted on April 10, 1962 on two counts of willful evasion of income tax for the years 1955 and 1956. On May 18, 1962, defendant appeared and pleaded not guilty. The defendant promptly moved for a bill of particulars. At a hearing, the government stated that it would proceed on a net worth expenditure theory of proof, and on June 26, 1962, Judge Noonan issued an order granting the government ten days in which to serve on defendant a limited bill of particulars.

In the fullness of time the case was set down for trial for September 23, 1969. On September 2, 1969 the defendant moved to have the case dismissed under the speedy trial provision of the Sixth Amendment[1] and Rule 48(b), F. R.Cr.P.[2] Argument on the motion was heard on September 12, 1969. The day before, September 11, 1969, more than seven years after Judge Noonan's order, the government served its bill of particulars on defendant's counsel.

The Supreme Court has declared that the right to a speedy trial is "as funda-

mental as any of the rights secured by the Sixth Amendment." Klopfer v. North Carolina, 386 U.S. 213, 223, 87 S. Ct. 988, 993, 18 L.Ed.2d 1 (1967). The Court of Appeals for the Second Circuit has established standards by which to judge a defendant's motion for dismissal for failure to provide a speedy trial. The standards were originally laid out in United States v. Lustman, 258 F.2d 475 (2d Cir.), cert. den. 358 U.S. 880, 79 S.Ct. 118, 3 L.Ed.2d 109 (1958), which interpreted a defendant's failure to demand an early trial as a waiver of his Sixth Amendment right. The circuit court developed its analysis of the problem in United States ex rel. Von Cseh v. Fay, 313 F.2d 620 (2d Cir. 1963), a state case which expounded the right to speedy trial inherent within the due process clause of the Fourteenth Amendment, and in United States v. Simmons, 338 F.2d 804 (2d Cir. 1964), cert. den. 380 U.S. 983, 85 S.Ct. 1352, 14 L.Ed.2d 276 (1965), the same court applied the standards of *Von Cseh* to federal cases under the Sixth Amendment and Rule 48(b):

> "As we have noted, '[f]our factors are relevant to a consideration of whether denial of a speedy trial assumes due process [or Sixth Amendment] proportions: the length of delay, the reason for the delay, the prejudice to defendant, and waiver by the defendant.'" 338 F.2d 804, 807, quoting United States ex rel. Von Cseh v. Fay, *supra*, at 623.

The method for weighing the elements was also laid out: "These factors are to be considered together because they are interrelated." United States ex rel. Von Cseh v. Fay, *supra*, at 623; see United States v. Mann, 291 F.Supp. 268 (S.D. N.Y.1968). I will consider the factors in turn.

Upon its face, the length of delay is shocking. More than seven years have

---

1. "In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial * * *." U.S. Constitution, Amendment VI.

2. "[I]f there is unnecessary delay in bringing a defendant to trial, the court may dismiss the indictment, information or complaint." Rule 48(b), F.R.Cr.P.

passed since the indictment was returned. It is more than seven years since Judge Noonan ordered the government to serve the bill of particulars. It is 13 and 14 years since the questioned tax returns were filed. The delay is considerably more than the four years which the Court of Appeals in United States v. Lustman, *supra,* at 478, assumed was an undue delay under the Sixth Amendment. Such an excessive period of time must be justified by a specific and persuasive explanation from the government or by a waiver by the defendant.

The government offers no justification for the delay. It does not suggest, let alone establish, that time was needed for further investigation or that the delay was caused by motions or dilatory tactics of the defendant. There is simply nothing in the government's arguments to explain the blunt fact that nothing was done to move the case forward. I do not mean to find fault with the Assistant United States Attorney presently in charge of the case. He had not entered law school when the indictment against Bak Chin was returned. Indeed, fault may not lie with any particular Assistant United States Attorney, all of whom are undoubtedly busy and conscientious men. But the sovereign is larger than its individual servants, and it must produce some reason for seven years of inactivity. I find the delay in this case unjustified and unjustifiable.

There has been a volley of affidavits from both sides on the question of prejudice. Frequently the sharpness and focus of the papers was lost in the struggle to establish facts of an almost historical character. For instance, in what bank, if any, did defendant have a safe deposit box in the period between 1945 and 1955? Twenty-four years after the event that question has not proven easy to answer. The difficulties of producing any clear and forceful

evidence are a demonstration of the importance of the policies underlying statutes of limitation which establish a basic standard for permissible delay in the commencement of a prosecution. With the passage of time memories fade and evidence is lost, and one may assume a growing prejudice to a defendant. United States v. Mann, *supra,* at 271.

The defendant claims that he has suffered prejudice through a fire which destroyed part of his business establishment, and all of his personal books and papers in May, 1966. He makes further, less persuasive, claims that the return to China, illness, or death of various business associates and donors of personal gifts will make proof of his case at trial difficult. The government disputes these claims, but is unable to refute them factually. The destructive fire took place four years after the indictment was returned. By prompt, or even deliberate, action the case could have been brought on before the fire took place. I accept defendant's submission that the loss of his records will make his trial presentation and proof more difficult and that he has been prejudiced by the unjustified delay by the government.

Finally, I come to the question of waiver. The stern Sixth Amendment standards of United States v. Lustman, *supra,* have been slightly tempered in this circuit by the interrelated factors test of *Von Cseh* and *Simmons,* but the highest hurdle for a defendant on the road to dismissal is still the demonstration that he did not waive his right to a speedy trial by failing to demand an early trial. United States v. Lustman, *supra,* at 478. Defendant in this case contends that the other three factors of the *Simmons* test outweigh any failure by him to move for trial. Certainly the lengthy and unjustified delay, with the resulting prejudice, count heavily in favor of the defendant. But, further, there has been outstanding against the government for seven years Judge

Noonan's order to produce a bill of particulars. When defendant has promptly and properly moved in a net worth case for a bill of particulars so that he may prepare for trial and the government has failed for seven years to obey the order of the court to serve the bill of particulars within a period of ten days, I do not think it can be said that defendant has waived his right to a speedy trial.

The *Lustman* case recognized a limited but open-ended category of exceptions in which failure to move for an early trial would not be considered a waiver of the Sixth Amendment rights of the defendant, e. g. ignorance of the charge or trial in an improper venue. United States v. Lustman, *supra*, at 478. It is clear from Klopfer v. North Carolina that the right to a speedy trial is a fundamental one, and, of course, courts are to indulge "every reasonable presumption against waiver" of fundamental constitutional rights. Johnson v. Zerbst, 304 U.S. 458, 58 S.Ct. 1019, 82 L.Ed. 1461 (1938). I think it reasonable to presume that a defendant with an order outstanding against the government to produce a bill of particulars by which he will be more fully "informed of the nature and cause of the accusation" (U. S.Const. Amendment VI) has not waived any rights, and the burden lies on the prosecutor to obey the orders of the court and move the case forward to its next stage.

Thus, I hold that this particular set of facts falls within that range of exceptions contemplated by *Lustman.* Certainly under the interrelated factors test of *Von Cseh* and *Simmons* all the factors appear to weigh in favor of defendant. Thus, I conclude that defendant has been denied his right to a speedy trial under the Sixth Amendment and Rule 48(b).

The motion of defendant for dismissal is granted. It is so ordered.