THE PEOPLE OF THE STATE OF NEW YORK ex rel. EDWARD F. LA BELLE, Appellant, *v.* HAROLD E. HARRIMAN, as Sheriff of the County of Rensselaer, Respondent.

Third Department, July 8, 1970.

14

*Marvin I. Honig* for appellant.

*Con G. Cholakis, District Attorney* (*Kermit D. McGinnis* of counsel), for respondent.

Cooke, J.  This is an appeal from a judgment of the Supreme Court at Special Term, entered June 17, 1969 in Rensselaer County, which dismissed, after a hearing, a writ of habeas corpus.

On December 3, 1963, relator was arrested upon a " John Doe " warrant charging third degree assault.  Thereafter he was arraigned and indicted on the unrelated charges of first degree murder and unlawful possession of a firearm.  Following his conviction of first degree murder and after different appeals, his conviction was reversed and, at the time of the hearing in Special Term, he was awaiting retrial upon that charge.  Not having been arraigned or indicted on the assault charge, there was obtained on April 14, 1969 an order to show cause why the assault warrant should not be quashed and, prior to its return, he was indicted on April 17, 1969 for assault in the third degree. Arraigned a week later, relator's subsequent motion to dismiss was denied on May 28, 1969.  The District Attorney served a notice that he would move this misdemeanor charge for trial but on June 4, 1969 said official informed the court that, although ready for trial, he preferred to wait until after the retrial of the murder indictment.

CPLR 7002 (subd. [a]) authorizes a habeas corpus petition by " a person illegally imprisoned or otherwise restrained in his liberty within the state ".  Such a proceeding is appropriate to assert a deprivation of a fundamental constitutional or statutory right in a criminal prosecution, but, in the case of a trial error, it may not be utilized as a substitute for appeal or to again review the errors passed upon in an earlier appeal (*People ex rel. Keitt* v. *McMann*, 18 N Y 2d 257, 262).  Nor may there be a departure from traditional orderly procedures unless considerations of practicality and necessity so dictate (*People ex rel. Woodall* v. *Bigelow*, 20 N Y 2d 852).  The right to a speedy trial, however, is guaranteed both constitutionally by the Sixth Amendment of the Constitution of the United States (*Klopfer* v. *North Carolina*, 386 U. S. 213, 222–223), and statutorily (Code Crim. Pro., §§ 8, 668; Civil Rights Law, § 12).  (Cf. *People ex*

*rel. Seiler* v. *Warden of City Prison,* 199 Misc. 570, 571; *United States ex rel. Von Cseh* v. *Fay,* 313 F. 2d 620; *People* v. *Goldman,* 24 Misc 2d 497.)

Although the order denying the motion to dismiss the indictment is not immediately appealable (Code Crim. Pro., § 517; *People* v. *Chirieleison,* 3 N Y 2d 170; *People* v. *Kellerman,* 25 A D 2d 690), it would be incongruous, indeed, to say that habeas corpus is an improper remedy to raise this issue of constitutional and statutory deprivation and that a defendant must await a conviction after trial in order to raise it. The law's remedial processes should not be so impotent that a prosecutor might delay trial indefinitely, thereby preventing a defendant from ever raising this issue, all the while aggravating the denial of a speedy trial.

Although relator is also incarcerated on the murder charge, a concededly valid detention, and this writ will not secure his freedom, habeas corpus may be used to obtain relief other than immediate release from physical custody (e.g., *People ex rel. Brown* v. *Johnston,* 9 N Y 2d 482; *People ex rel. Ceschini* v. *Warden,* 30 A D 2d 649) and, because of the consequences of the delay, the issue is not moot (cf. *Carafas* v. *La Vallee,* 391 U. S. 234, 237–238). The speedy trial guarantee serves a threefold purpose; it protects the accused, if held in jail to await trial, against prolonged imprisonment; it relieves him of the anxiety and public suspicion attendant upon an untried accusation of crime; and, like statutes of limitation, it prevents him from being exposed to the hazard of a trial after so great a lapse of time, such as the loss of witnesses or the dulling of memory (*People* v. *Prosser,* 309 N. Y. 353, 356–357). While the first two considerations may not loom large for a defendant in custody for another transgression, it is vital for him that the trial be held while witnesses are available and memories fresh (*People* v. *Henderson,* 20 N Y 2d 303, 307).

While the issue of whether there has been a denial of relator's right to a speedy trial depends upon the reasonableness of the delay, this delay of over five years is unreasonable as a matter of law (*People* v. *Winfrey,* 20 N Y 2d 138, 143–144; *People* v. *Bryant,* 12 N Y 2d 719; *People* v. *Peters,* 16 A D 2d 171). The fact that relator was imprisoned on another charge is no excuse for the delay (*People* v. *Winfrey, supra,* p. 141; *People* v. *Prosser, supra*), nor can any cause for it be attributed to relator who, after the murder conviction reversal, moved to quash the assault warrant and later to dismiss the indictment. Neither have the People offered a valid justification for the time lapse (cf. *People* v. *Wallace,* 26 N Y 2d 371).

The judgment should be reversed, on the law, and writ sustained, without costs.

HERLIHY, P. J., STALEY, JR., GREENBLOTT and SWEENEY, JJ., concur.

Judgment reversed, on the law, and writ sustained, without costs.