UNITED STATES of America,

v.

Harold STONE, Stuart Ackerman and
Stone, Ackerman and Co., Inc.,
Defendants.

No. 66 Cr. 156.

United States District Court,
S. D. New York.

Nov. 4, 1970.

Whitney North Seymour, Jr., U. S. Atty., S.D.N.Y., for plaintiffs.

Harold F. McGuire, Jr., Asst. U. S. Atty., of counsel.

Dublirer, Haydon & Straci, New York City, for defendants Stone and Stone, Ackerman and Co., Inc.; Charles Haydon, New York City, of counsel.

Stanley Arkin, New York City, for defendant Stuart Ackerman.

MEMORANDUM

TENNEY, District Judge.

Defendants Harold Stone and Stone, Ackerman and Co., Inc., joined by defendant Stuart Ackerman, move pursuant to the Sixth Amendment of the United States Constitution and Fed.R.Crim. P. 48(b) for an order dismissing the within indictment upon the grounds that they have been denied their constitutional right to a speedy trial and that there has been unnecessary delay by the Government in bringing them to trial. Movants further urge that the indictment be dismissed under Fed.R.Crim.P. 6 and 7 because it is based upon hearsay evidence and because exculpatory evidence was allegedly suppressed from the grand jury. Finally, defendants Harold Stone and Stone, Ackerman And Co., Inc., move under Rule 16 of the Fed.R.Crim.P. for permission to inspect, copy and photograph all statements, or memoranda thereof, made by William Simons in the possession or under the control of the Government, and all testimony given to the grand jury by Goldie Simons, Carl Frankel, Adele Scarpone, Harold Stone, Stuart Ackerman and all other servants or agents of defendant Stone, Ackerman and Co., Inc.

The seven-count indictment underlying the instant motion was returned on February 15, 1966 and charges the defendants in one count with conspiring to defraud the United States Government out of taxes imposed by the Interest Equalization Tax (hereinafter referred to as "IET"), 26 U.S.C. § 4911 et seq., by trading in the "dummy" names of William Simons, Goldie Simons and Theresa Horowitz; the remaining six substantive counts charge the defendants with attempts to evade the IET by filing false tax returns and aiding and abetting the filing of false returns in which either William Simons, Goldie Simons or both were falsely stated to be the true purchasers of foreign securities.

■ Initially, we note that in considering motions to dismiss pursuant to the

Sixth Amendment and Rule 48(b), the Court must collectively consider the following four factors: "the length of delay, the reason for the delay, the prejudice to defendant, and waiver by the defendant." United States ex rel. Von Cseh v. Fay, 313 F.2d 620, 623 (2d Cir. 1963); *accord,* United States v. Simmons, 338 F.2d 804, 807 (2d Cir. 1964), cert. denied, 380 U.S. 983, 85 S.Ct. 1352, 14 L.Ed.2d 276 (1965); United States v. Mann, 291 F.Supp. 268, 270 (S.D.N.Y. 1968).

These factors, of course, provide no empirically applicable standards since each case must be independently evaluated in view of the existing circumstances; that is, these factors must "be considered together because they are interrelated." United States ex rel. Von Cseh v. Fay, *supra,* 313 F.2d at 623.

■ In the instant case, post-indictment delay is patently too long. As an excuse therefor, the Government claims that it was marshaling evidence for this case and conducting investigations of other alleged IET violations which would have been prejudiced by an earlier trial of the instant indictment.

I find this self-serving excuse less than persuasive and suggest that absent more cogent reasons for abstaining for more than four years, the Government proceed to try aging indictments with more dispatch.

■ Faced with this unjustifiably long delay, we must inquire into the crucial issue of prejudice. While I do not suggest that the issue of prejudice be controlling in motions to dismiss pursuant to Rule 48(b) and the Sixth Amendment, it would seem neither in the public interest nor mandated by the requirements of due process to engage in wholesale dismissal of inordinately old indictments when no prejudice has resulted from the delay in bringing the defendants to trial. This is especially true in situations, like the instant one, where the defendants have never object-

ed to postponement of their trial. In addition, close scrutiny of recent decisions suggesting that prejudice may be presumed when the delay is unjustifiably long reveals that prejudice was manifest in the situations existing therein and the presumption unnecessary. United States v. Blanca Perez, 310 F.Supp. 550 (S.D.N.Y.1970); United States v. Chin, 306 F.Supp. 397 (S.D.N.Y.1969); United States v. Roberts, 293 F.Supp. 195 (S.D. N.Y.1968); United States v. Mann, *supra.*

■■ In short, in order to succeed on a motion to dismiss alleging unconstitutional or unnecessary delay, some showing that the defendant has been prejudiced is necessary when, as here, there has been no objection to the delay and no affirmative action taken to secure a speedy trial. Just as a failure to demand a speedy trial should not automatically be deemed an implicit waiver of one's right thereto, United States v. Blanca Perez, *supra;* United States v. Chin, *supra;* United States v. Roberts, *supra;* United States v. Mann, *supra;* United States v. Dillon, 183 F.Supp. 541 (S.D. N.Y.1960); *see* Dickey v. Florida, 398 U.S. 30, 39, 90 S.Ct. 1564, 26 L.Ed.2d 26 (1970) (concurring opinion of Mr. Justice Brennan), so also an arbitrary number of years of delay should not, by itself, extricate the issue of prejudice from judicial scrutiny. All factors must be viewed with an eye towards determining whether the defendant can still be given a fair trial in accordance with due process, in light of the existing delay and the circumstances occasioned thereby.

■■ Thus, while this Court would welcome more definitive standards than presently exist with regard to determining when a delay runs afoul of the Sixth Amendment or Rule 48(b), it cannot, absent a showing of prejudice, summarily dismiss all stale criminal prosecutions which have regrettably been left undisturbed because of the past practice of permitting indictments to conveniently remain in a state of suspension as long

as the defendant does not demand a trial.[1]

I should like to point out, however, that once a defendant has been demonstrably prejudiced by an inexcusably long delay occasioned by the prosecution, it would seem naive and insensible to suggest that because he has not affirmatively moved for a speedy trial he has impliedly waived his right thereto. *Compare* Klopfer v. North Carolina, 386 U.S. 213, 226, 87 S.Ct. 988, 18 L.Ed.2d 1 (1967) *with* Aetna Ins. Co. v. Kennedy ex rel. Bogash, 301 U.S. 389, 393, 57 S.Ct. 809, 81 L.Ed. 1177 (1937) *and* Johnson v. Zerbst, 304 U.S. 458, 464, 58 S.Ct. 1019, 82 L.Ed. 1461 (1938). It would seem beyond the pale of "fair play", and repugnant to the Fifth Amendment requirements of due process, to find that a defendant has waived his right to a speedy trial, even though disadvantaged by the prosecution's unjustified delay, simply because he has not taken the "relatively unlikely step of demanding an early trial." *See* United States v. Mann, *supra,* 291 F.Supp. at 274. Any attempt to "saddle" a defendant to an implied waiver under such circumstances must fall of its own weight under the defendant's more basic constitutional right to be tried fairly in accordance with due process of law. It is unimaginable, even under the most narrow view of the Fifth Amendment requirements of due process, that a trial conducted in the face of existing prejudice to the defendant, caused by the Government's unjustified delay in prosecution, could be constitutionally permissible.

We now consider the prejudice or absence thereof in the instant case.

■ Movants, Harold Stone and Stone, Ackerman and Co., Inc., urge that they are prejudiced because their principal witnesses, William Simons and William Zucker, Esq., are unavailable; Mr. Simons died in 1967, and Mr. Zucker is now living in Zurich, Switzerland, which is obviously beyond the subpoena power of this court. It is alleged that Mr. Zucker, previously of Willkie, Farr, Gallagher, Walton & Fitzgibbon, and attorney for Mr. Stone and the defendant corporation, would have testified favorably for the defendants based upon legal advice he had given them regarding the IET some years ago. There is, however, a conspicuous absence of any communication or correspondence from Mr. Zucker indicating that he will not voluntarily come and testify on defendants' behalf. Moreover, there should be some records of the alleged conferences with Mr. Zucker, at the law offices of Willkie, Farr, which records are, of course, subject to subpoena and easily authenticated. In addition, there appears to be no reason why Mr. Zucker could not have been deposed in Zurich, pursuant to Fed.R. Crim.P. 15, so that his testimony, if needed, could have been read at trial.

As for the unavailability of Mr. Simons, I am convinced after reading, *in camera,* the transcript of the grand jury minutes that it was not the Government's delay which rendered him unavailable. On the contrary, it appears that Mr. Simons died only fourteen (14) months after the indictment was handed down and was seriously ill for some time prior to that date. In fact, it seems unlikely that he would have been able to testify at trial no matter how rapidly commenced. In any event, Government's Exhibit C to its affidavit in opposition to this motion makes it apparent that the prosecution and not the defense was prejudiced by Mr. Simons' passing, since said exhibit unequivocally suggests that his testimony would have been most favorable to the Government.

Finally, we must consider the fact that to a large extent this will be a "documentary case" based upon records which are currently available. In addition, insofar as it appears that the defendants will assert that Mr. Simons'

---

1. However, after the passage of some defined period of time, it would appear only fair that the prosecution bear the burden of showing a lack of prejudice to the defendant.

account was really his own and not a "dummy", the defense will be benefited by the presumption that he owned the accounts. This benefit is magnified when, as here, it appears that the Government must in part rely on a statement given by Mr. Simons to the contrary, which, of course, may not now be verified by him.

As for movants' second contention—that the indictment is dismissible because based upon hearsay evidence and because the exculpatory testimony of William Simons was excluded from the grand jury—this also must be rejected. After carefully reviewing the minutes of the grand jury, *in camera*, and considering the Government's reply papers and Exhibit C annexed thereto, which, as indicated *supra*, suggest that Mr. Simons would have been a witness for the prosecution rather than the defense, I am convinced that almost no hearsay evidence was presented to the grand jury and that the prosecution did not purposefully exclude exculpatory evidence from the grand jury. On the contrary, the grand jury minutes reveal that Mrs. Simons and all other witnesses who testified before the grand jury testified almost exclusively to matters within their personal knowledge.

Finally, we consider the motion pursuant to Fed.R.Crim.P. 16, seeking discovery of the recorded testimony of Goldie Simons and all other defendants who testified before the grand jury, and any recorded statements of William Simons in the possession of the Government.

Since the Government represents that the only memorandum of statements made by William Simons is that annexed to its reply papers as Exhibit C, this aspect of the motion is now moot. In addition, since it appears that both individual defendants herein claimed their Fifth Amendment privilege before the grand

jury, there is nothing for the Government to produce concerning their testimony.

Thus, we must consider whether the testimony of the servants, employees and agents of the defendant corporation is producible.[2] While authority on this point cuts both ways, I am persuaded by and will follow the decision of the Court of Appeals for the Fifth Circuit in United States v. Hughes, 413 F.2d 1244, 1253 (5th Cir. 1969), dismissed as moot, United States v. Gifford-Hill-American, Inc., 397 U.S. 93, 90 S.Ct. 817, 25 L.Ed.2d 77 (1970), and permit the defendants to inspect, copy or photograph the recorded testimony of the defendant corporation's servants, employees and agents.

Accordingly, and for the foregoing reasons, defendants' motions to dismiss are denied, and the motion for discovery is granted to the extent indicated herein.

So ordered.

---

2. Since movants have made no showing of necessity as required by Fed.R.Crim.P. 6(e) with regard to the testimony of Goldie Simons and, in fact, have made

no reference to this matter in their supporting memorandum of law, I will treat this issue as abandoned.