**UNITED STATES of America,
Plaintiff,**

v.

**Morris BARBANELL, Defendant.**

**No. 66 Cr. 781.**

United States District Court,
S. D. New York.

Jan. 6, 1971.

---

[1]. Petitioners offer no explanation for their failure to file timely proof of claims.

Whitney North Seymour, Jr., U. S. Atty., by Allan A. Tuttle, Asst. U. S. Atty., New York City, for plaintiff.

William Esbitt, New York City, for defendant.

MOTLEY, District Judge.

*Memorandum Opinion*

Defendant, Morris Barbanell, has moved the court pursuant to the Sixth Amendment of the United States Constitution and Rule 48(b), Fed.R.Crim.P. for an order dismissing this indictment, lodged against him since October 3, 1966, on the grounds that he has been denied his Sixth Amendment right to a speedy trial and that there has been unnecessary delay by the Government in bringing him to trial.

The background of the instant case is as follows: On October 28, 1963 defendant, who was then an importer of cutlery items, was arrested on a complaint charging him with a single violation of 18 U.S.C. § 542. The violation was alleged to have taken place on November 19, 1962. At the time of the arrest, defendant's business books and records were seized by Customs Agents. Defendant subsequently moved to suppress the records and books and after hearings on the cause this Court ruled,

(Feinberg, J.), that everything seized was the result of an improper search, except items which were means and instrumentalities of the single crime alleged in the complaint. On October 3, 1966, the indictment defendant now seeks to have dismissed was filed. It charges him with 95 counts of violating 18 U.S.C. § 542 and 1 count of conspiring with European exporters to violate that section. On October 17, 1966, defendant pleaded not guilty to the indictment and a mid-November date was set for motions. At this point began a series of delays in the hearing of the case, the net result of which is challenged here as a denial of defendant's right to a prompt disposition of the charges against him.

Shortly after the filing of the October 3 indictment, defense counsel spoke with Assistant United States Attorney Turkheimer, who was then directing the Government's case. They, at defense counsel's insistence, agreed to adjourn the case pending resolution of a related civil claim which had also been brought against defendant by the Government, to the end that a judgment of conviction, possibly to be entered upon a plea of guilty in the criminal case, would not be used to impose substantial civil liability upon defendant. The criminal case was then marked off the calendar when it next appeared. During the pendency of the civil action which was filed February 20, 1967, defense counsel had conversations with the Civil Division of the United States Attorney's Office with regard to settlement possibilities. The Government, apparently impressed that the civil case might be disposed of quickly, took no action in prosecuting the criminal charges. In October, 1968, a new Assistant United States Attorney was assigned to the criminal case, and he carried the case until December, 1969. He also had conversations with defense counsel in which he (defense counsel) again stressed his desire to have the criminal case concluded together with the related civil action. At no time did defense counsel request that trial of the criminal case be expedited, nor was the request that the criminal case be put over ever withdrawn.

The Government acknowledges that it was not required to acquiesce in defense counsel's request that disposition of the instant indictment be deferred until disposition of the civil action. It is, therefore, partly responsible for the long delay. However, the Government offers, by way of justification for a part of the delay the fact that the nature of the case was such that there had to be communications with governmental officials in foreign lands. Thus, the court has before it a case in which neither side has pursued with any vigor a course which would have brought the cause to a speedy trial or other disposition.

■ The speedy trial right as guaranteed by the Sixth Amendment is designed to effect three ends in the interest of justice: "(1) to prevent undue and oppressive incarceration prior to trial, (2) to minimize anxiety and concern accompanying public accusation and (3) to limit the possibilities that long delay will impair the ability of an accused to defend himself." United States v. Ewell, 383 U.S. 116, 120, 86 S.Ct. 773, 776, 15 L.Ed.2d 627 (1966).

Defendant has been free on bail and, therefore, one of the first concerns in a Sixth Amendment case is not involved.

■ The Second Circuit, in isolating factors to be considered in ascertaining whether the Sixth Amendment right has been violated, and the policy it embodies honored, has determined that the following elements are critical: the length of the delay, the reason for it, the extent to which the delay has prejudiced the defendant, and waiver. United States v. Simmons, 338 F.2d 804, 807 (2d Cir. 1964), cert. denied 380 U.S. 983, 85 S.Ct. 1352, 14 L.Ed.2d 276 (1965). "These factors are to be considered together because they are interrelated." United States ex rel. Von Cseh v. Fay, 313 F.2d 620, 623 (2d Cir. 1963). *See* United States v. Mann, 291 F.Supp. 268 (S.D.N.Y.1968). The absence or presence of

any of these factors alone need not be dispositive of the speedy trial issue.

In the recent Supreme Court decision, Dickey v. Florida, 398 U.S. 30, 90 S.Ct. 1564, 26 L.Ed.2d 26 (1970), Mr. Justice Brennan, in his much discussed concurring opinion drew in sharp lines the parameters of the controversy concerning the point at which the Sixth Amendment right to a "speedy" trial attaches in a criminal prosecution. He noted that there is almost unanimity among authorities that "delay between indictment and trial is subject to the speedy-trial safeguard," and "substantial authority that the right attaches upon arrest." *Id.* 398 U.S. at 43, 90 S.Ct. at 1571–1572, 26 L.Ed.2d at 35. He then proceeded to detail how in terms of the aims the Sixth Amendment was enacted to insure, it may be somewhat artificial to conclude that the speedy trial right attaches only upon indictment but not arrest, since the occurrence of either is in point of fact a public accusation, and potentially prejudicial to a defendant's rights. Concluding that discussion he said:

> ". . . it may be that for the purposes of the Clause to be fully realized, it must apply to any delay in the criminal process which occurs after the government decides to prosecute and has sufficient evidence for arrest or indictment." *Id.* 398 U.S. at 46, 90 S.Ct. at 1573, 26 L.Ed.2d at 37.

This court has taken time to relate the discussion above, cognizant of the fact that the Supreme Court, as a body, has not yet dealt with the questions Mr. Justice Brennan raises. The court has done so because the facts of the instant case raise the very problem to which Mr. Justice Brennan had reference, i. e., when the Sixth Amendment right attaches. Here, the length of the period of delay determined applicable for Sixth Amendment purposes will differ significantly depending upon whether one deems it to commence only upon formal indictment or upon arrest on a complaint. This court is content to await further enlightenment from the Supreme Court on this matter, however, for the other circumstances of this case are such that the length of the delay or the reasons for it are not dispositive. (In the court's view, the nature of the case is such that at least part of the delay by the Government was necessary to its preparation and, therefore, justifiable.) Whether the relevant period here for Sixth Amendment purposes is deemed to have commenced with the filing of the indictment in 1966 or with the lodging of the complaint or arrest in 1963, the failure of movant either to demonstrate prejudice or to negate the Government's claim that the "speedy trial" right has been waived, shifts the balance toward the Government and warrants denial of the claim.

The Court of Appeals for this Circuit has consistently required a showing of some prejudice to a defendant or an improper motivation on the part of the prosecution. United States v. Rosenstein, 434 F.2d 640 (2d Cir. 1970). There is no claim here that defendant's case will be impaired because witnesses are no longer available to defendant due to the passage of time. Neither is there a claim that the natural lessening of defendant's recollective capacity occasioned by the delay is great or that it will harm the preparation of defendant's case. Thus, the instant case is not one in which evidence has been lost, thereby justifying presumptive prejudice as a result of an unjustified delay. *Cf.,* United States v. Mann, *supra;* United States v. Chin, 306 F.Supp. 397 (S.D.N.Y.1969); United States v. Perez, 310 F.Supp. 550 (S.D.N.Y.1970). Indeed, because of the technical nature of the case, the relevant import documents and other papers must provide the basis upon which a finding that the acts complained of were committed could be made, and they are presently available for use by both sides.

Defendant never made a demand for a speedy trial. The law in this Circuit is that failure to demand a speedy

**1050**

trial constitutes a waiver. United States v. Virga, 426 F.2d 1320 (2d Cir., 1970.) And although Mr. Justice Brennan's concurring opinion in the *Dickey* case, *supra,* which came down a week after the Second Circuit's opinion in the *Virga* case seriously questions the view that an accused loses his right to a speedy trial by silence or inaction, such is not a holding by the Supreme Court. The law of this Circuit must therefore be followed.

█ The court finds, moreover, that the defendant has affirmatively waived his speedy trial right. Despite the proliferation of cases stating that waiver is not to be implied from the mere silence of a defendant or from his failure to "demand" a speedy trial. United States v. Mann, *supra*; United States v. Chin, *supra*; United States v. Perez, *supra,* no case has gone so far as to state that affirmative acts, such as those involved here, made by a defendant, which (acts) serve to delay trial, do not constitute waiver. *See,* Dickey v. Florida, *supra* 398 U.S. 30, 90 S.Ct. 1564, 26 L.Ed.2d at 38 (concurring opinion); United States v. Stone, 319 F.Supp. 364 (S.D.N.Y., filed Nov. 4, 1970); United States v. Lakis, Cr. No. 65–275 (S.D.N.Y., filed Nov. 9, 1970). Trial of the criminal case here was in no small part delayed because of defense counsel's predetermined strategy with relation to the pending civil action. Defendant, therefore, cannot complain of possible injury resulting from his own litigation strategy. In fact the Second Circuit has recognized that there may be an affirmative waiver of a Sixth Amendment right. United States v. Parrott, 425 F.2d 972 (2d Cir. 1970).

Because the same factors discussed above furnish the bases upon which a motion pursuant to Rule 48(b), Fed.R. Crim.P. is decided, defendant's motion thereunder is denied for the same reasons detailed above.

The motion is denied.

So ordered.