**UNITED STATES of America,
Appellee,**

v.

**Franklin OWENS, Appellant.**

**No. 378, Docket 34050.**

United States Court of Appeals
Second Circuit.

Argued Dec. 18, 1969.

Decided Jan. 7, 1970.

Phylis Skloot Bamberger, New York City (The Legal Aid Society, Milton Adler, New York City, on the brief), for appellant.

William B. Gray, Asst. U. S. Atty. (Robert M. Morgenthau, U. S. Atty., Southern District of New York, John W. Nields, Jr., Asst. U. S. Atty., on the brief), for appellee.

Before FRIENDLY, SMITH and ANDERSON, Circuit Judges.

PER CURIAM:

This is an appeal from conviction on trial to the jury in the United States District Court for the Southern District of New York, Lloyd F. MacMahon, Judge, for possession of a stolen mail bag knowing it was stolen, in violation of 18 U.S.C. § 1708. We find no error and affirm the judgment.

On October 16, 1968, Owens was walking down 8th Avenue after participating in a scuffle at 42d Street. He apparently leaned over to pick up some glass in case he again had to defend himself and noticed a green bag under a car near 38th Street. Allegedly thinking that it was a soldier's duffle bag, he picked it up and took it onto the subway which he boarded at 34th Street. While he was riding the subway between 42d and 59th Streets, one Shock, a subway patrolman, noticed Owens and the bag which looked like a mail bag (and had the letters U.S.MA on it). Shock approached Owens and asked him if the bag was his, and then asked him if he were an employee of the Post Office. Owens answered that he was and that he must have left his I.D. at home. Shock told him to get off at the 59th Street stop. As the two left the train another officer approached and Owens broke away and attempted to flee; he was apprehended by Shock at the other end of the station.

There are two issues in this appeal. First, appellant contends that an instruction to the jury about the necessary knowledge of the defendant that the bag was stolen was erroneous because it did not specifically say that defendant must have that knowledge before the patrolman Shock made him aware that it was a mail bag. Appellant contends that the jury may have believed that he did not know that the bag was stolen prior to his meeting with Shock, but nevertheless may have found criminal knowledge under the charge based on his knowledge acquired after Shock made him aware of the identity of the bag. It is true that if Owens did not know the bag was stolen until the fact was revealed to him by the patrolman on the subway, then he would not be guilty of the crime since at the time he was apprehended his possession was innocent. But the jury undoubtedly understood the charge as to knowledge to refer to the time prior to the meeting with Shock.

Moreover, the prosecutor's summation told the jury it should acquit if Owens' knowledge came only after Shock apprehended him.[1] Thus in the context of the case, the charge was surely understood by the jury as pertaining to knowledge prior to the meeting with Shock. That Owens' alleged false statement about his postal employment and his attempt to flee could be explained on the basis of Owens' realization upon talking with Shock that the bag was stolen, is an argument that should have been made to the jury in summation. But this does not mean that the charge which allowed these facts, if proved, to be used to ground an inference of knowledge that the bag was stolen was in error. Moreover, no request for a more specific charge was made and no objection to the charge was made.

Second, appellant asserts that there was insufficient evidence to support a jury verdict that the mail bag was stolen. He claims that an equally good possibility is that the bag was lost in transportation, as far as the evidence in the case shows. There was indeed evidence that the bag was stolen: it was shown that the bag originated at the 38th Street station; bags are there loaded onto trucks which are closed and sealed before taking their loads to the Central Office; the loading platforms at the station are guarded but not so well as to prevent theft there; and the place Owens claimed to have found the bag (38th and 8th) is not on the route taken by the trucks from the station to the Office. This is adequate evidence to ground the jury's finding that the bag was stolen. United States v. Hines, 256 F.2d 561 (2d Cir. 1958). In that case we held that the jury did not have to grasp at the improbable explanation that a letter had been lost in the mailing process. Appellant's claims that the evidence that the bag was wet and that it was found close to the loading station and that it was unopened do tend to show

that the bag may have been lost and not stolen. These arguments, however, are for the jury which must make the factual determinations. This fact was decided by the jury adversely to the appellant, and we cannot say that the jury was precluded on the evidence from making such a finding.

Affirmed.

---

1. "If you believe the defendant's story that he didn't know it was a mail bag until told by Officer Shock, you should acquit him." R. p. 61.