**UNITED STATES of America,
Appellee,**

v.

**Frederick ROSENSTEIN, Appellant.**

**No. 53, Docket 34803.**

United States Court of Appeals,
Second Circuit.

Argued Sept. 14, 1970.

Decided Nov. 9, 1970.
Certiorari Denied Feb. 22, 1971.
See 91 S.Ct. 910.

Daniel J. Sullivan, Jay S. Horowitz, Asst. U. S. Attys., Whitney North Seymour, Jr., U. S. Atty., for appellee.

Phylis S. Bamberger, Joel A. Brenner, Milton Adler, New York City, for appellant.

Before WATERMAN, MOORE and KAUFMAN, Circuit Judges.

PER CURIAM:

Appellant stood trial before a jury upon an indictment that contained six counts: Counts 1–3 alleged the unlawful possession of a government check payable to one Rosenzweig which had been stolen from the mail, the forgery of said check, and the utterance of the check; counts 4–6 alleged that defendant had committed the same crimes with reference to a government check payable to one Nicholson. 18 U.S.C. §§ 1708, 495, 2. Appellant was convicted on counts 1–3 and acquitted on counts 4–6. Appellant raised three contentions on this appeal: (1) His right to a speedy trial was violated. (2) The evidence introduced was insufficient to support his conviction on counts 1–3. (3) His conviction on counts 1–3 should be set aside because erroneous rulings adverse to him with reference to counts 4–6, upon which he was acquitted, prejudicially affected the jury's consideration on counts 1–3.

Assuming *arguendo* that an ambiguous letter appellant sent to the U. S. Attorney's office was a demand for a speedy trial, appellant has furnished no

evidence that any delay prejudiced his defense or that the prosecution delayed trial from an improper motive. Thus far we have consistently held that a defendant, in order to prevail on a claim that his constitutional right to a speedy trial has been violated, must show some prejudice to him or to his case by the delay or show an improper motivation on the part of the prosecution. United States v. Parrott, 425 F.2d 972 (2 Cir. 1970); United States ex rel. Solomon v. Mancusi, 412 F.2d 88 (2 Cir.), cert. denied, 396 U.S. 936, 90 S.Ct. 269, 24 L.Ed. 2d 236 (1969).

The evidence on counts 1–3 was sufficient to support the jury's verdict. United States v. Owens, 420 F.2d 305 (2 Cir. 1970); Whitehorn v. United States, 380 F.2d 909 (8 Cir. 1967); United States v. Hines, 256 F.2d 561 (2 Cir. 1958). The charge on the presumption of knowledge was completely proper. United States v. Minieri, 303 F.2d 550 (2 Cir.), cert. denied, 371 U.S. 847, 83 S.Ct. 79, 9 L.Ed.2d 81 (1962); United States v. Hines, *supra.*

 Appellant contends that his motion to dismiss counts 4–6 of the indictment should have been granted because the relevant grand jury testimony was (1) only hearsay by the government agent and was (2) inconsistent with testimony given by the same agent before an earlier grand jury. Inasmuch as the testimony of appellant's alleged confederate on these counts at trial corresponded with the testimony given by the government agent, there is nothing to support a finding of "high probability" that the indictment would not have been returned if the confederate had testified directly before the grand jury. United States v. Leibowitz, 420 F.2d 39 (2 Cir. 1969). Any inconsistency in the agent's testimony is irrelevant to an indictment good on its face. Costello v. United States, 350 U.S. 359, 363, 76 S.Ct. 406, 100 L.Ed. 397 (1956); United States v. Ramsey, 315 F.2d 199 (2 Cir.), cert. denied, 375 U.S. 883, 84 S.Ct. 153, 11 L.Ed. 2d 113 (1963). As part of its case against appellant on counts 4–6, the Gov-

ernment introduced evidence which dealt with stolen checks not charged in the indictment. Appellant claims to us that the admission of this evidence was prejudicially erroneous and affected the jury's evaluation of his guilt on counts 1–3. However, evidence of contemporaneous cashing of stolen checks was properly admitted as probative of appellant's intent and knowledge. United States v. Deaton, 381 F.2d 114 (2 Cir. 1967); United States v. Robbins, 340 F.2d 684 (2 Cir. 1965). At no time prior to trial did appellant move to sever the indictment, nor did he object to the trial court's instructions regarding the limited admissibility of similar act testimony; thus any claims of error on these matters are not properly before us. Young v. United States, 109 U.S.App.D.C. 414, 288 F.2d 398 (1961), cert. denied, 372 U.S. 919, 83 S.Ct. 734, 9 L.Ed.2d 725 (1963); United States v. Gitlitz, 368 F.2d 501 (2 Cir. 1966), cert. denied, 386 U.S. 1038, 87 S.Ct. 1492, 18 L.Ed.2d 602 (1967).

The judgment of conviction is affirmed.