**UNITED STATES of America,
Appellee,**

v.

**Jerry SMALLS, Appellant.**

**No. 386, Docket 35152.**

United States Court of Appeals,
Second Circuit.

Argued Jan. 7, 1971.

Decided Feb. 22, 1971.

Daniel M. Armstrong, Asst. U. S. Atty. (Edward R. Neaher, U. S. Atty., E. D. N. Y., and David G. Trager, Asst. U. S. Atty. on the brief), for appellee.

Harry C. Batchelder, Jr., New York City, for appellant; Anthony S. Kaufmann, Richard Burke Marrin and Henry Huntington Rossbacher, New York City, of counsel.

Before LUMBARD, Chief Judge, MOORE and SMITH, Circuit Judges.

LUMBARD, Chief Judge:

This is an appeal from a judgment of the Eastern District of New York, rendered April 1, 1970, wherein appellant Smalls was convicted, after a jury trial, of violating 21 U.S.C. § 174 by selling heroin which he knew had been imported into the United States illegally, and of violating 26 U.S.C. § 4704(a) by selling the same heroin in a package not bearing the tax stamps as required by law. Smalls was sentenced to ten years imprisonment on the first count and to five years on the second count, the sentences to run concurrently and also to run concurrently with a New York state sentence of imprisonment of twenty years to life on a murder conviction, which sentence Smalls is presently serving. We affirm Smalls' conviction.

The narcotics offenses which Smalls committed took place on September, 14, 1964. On November 5, 1964 he was arrested and on the following day was released on $500.00 bail. He was indicted on June 29, 1965. During the interval between those dates—on January 25, 1965—Smalls was arrested and confined on a state murder charge for which he was tried the first time in or about June, 1965.

From June 29 to August 26, 1965, Smalls was brought before Judge Leo G. Rayfiel in the Eastern District on four occasions, but proceedings were adjourned each time to enable Smalls to obtain counsel. On August 26, 1965, Smalls pleaded not guilty; and on September 25, 1965, the case was marked ready for trial. In the early part of 1966, Smalls was tried a second time on the state murder charge; he was convicted and sentenced to a term of imprisonment of twenty years to life. From February 1, 1967 until January 5, 1970, Smalls was in Dannemora State Hospital for treatment of a mental condition diagnosed as paranoid schizophrenia. Finally, on March 23, 1970, after Smalls' release from Dannemora, Judge Judd appointed counsel for him; and on March 26, 1970, trial began in the Eastern District.

At trial the government's four witnesses had a considerable amount of trouble recalling specific details about the narcotics transactions 5½ years earlier, although they did refresh their recollections by reviewing their 5½-year-old reports. Smalls testified in his own behalf and stated that, while he had conversed with the government's undercover agent about procuring heroin for him and while he had taken money from the agent, he never exchanged any drugs, but merely absconded with the money. Smalls also moved to dismiss the indictment because of the delay in appointing counsel and beginning the trial, but Judge Judd denied the motion on the ba-

sis of Smalls' failure to demand a speedy trial.

Smalls' main contention on appeal is that he was denied his right to a speedy trial. In United States ex rel. Solomon v. Mancusi, 412 F.2d 88, 90 (2d Cir.), cert. denied, 396 U.S. 936, 90 S.Ct. 269, 24 L.Ed.2d 236 (1969), we stated that "[t]his circuit has looked to four factors in deciding whether there has been a violation of the right to a speedy trial: (1) the length of the delay; (2) the reason for the delay; (3) the prejudice to the defendant; and (4) waiver by the defendant." See also United States ex rel. Von Cseh v. Fay, 313 F.2d 620, 623–624 (2d Cir. 1963); United States v. Rosenstein, 434 F.2d 640 (2d Cir. 1970).

The delay here, over five years from the date of Smalls' arrest until the beginning of trial, is surely long enough to call for an explanation from the government as to the reason for that delay. With respect to such reason, however, there is no showing that the delay here was caused by purposeful or oppressive governmental action, as required by United States v. Dooling, 406 F.2d 192, 196 (2d Cir.), cert. denied sub nom. Persico v. United States, 395 U.S. 911, 89 S.Ct. 1744, 23 L.Ed.2d 224 (1969). See also Pollard v. United States, 352 U.S. 354, 361–362, 77 S.Ct. 481, 1 L.Ed.2d 393 (1957).

■ Moreover, the delay was at least in part justified, since Smalls was undergoing treatment in Dannemora for approximately the last three of the 5½-year delay period. A prosecutor who refrains from interrupting the medical treatment of a person diagnosed as a paranoid schizophrenic cannot be said to be delaying trial for an improper motive. According to the government's brief, the files of the United States Attorney's Office disclose that letters were sent to Dannemora inquiring about Smalls on October 31, 1967, December 29, 1967, and November 18, 1968. Thus, this is not a case in which Smalls was ignored by the prosecutor's office between his arrest and subsequent trial.

Excluding the time Smalls spent at Dannemora, the delay in this case is about thirty months. When compared to other cases, such as United States v. Lustman, 258 F.2d 475 (2d Cir.), cert. denied, 358 U.S. 880, 79 S.Ct. 118, 3 L. Ed.2d 109 (1958) (4 years attributable to the government), and United States ex rel. Von Cseh v. Fay, 313 F.2d 620 (2d Cir. 1963) (3½ years), this is not an undue delay especially since Smalls during this interval had to defend himself against a state murder charge in two trials. See United States v. Fitzpatrick, 437 F.2d 19, at 26 (2d Cir. decided Dec. 24, 1970). Furthermore the case in-take in the Eastern District of New York during this period was rapidly increasing without a full quota of judges being appointed or available.

On the question of prejudice, Smalls has not shown that the delay was prejudicial to him. He makes much of the numerous instances when the government's witnesses could not remember specific details of the events about which they testified or even contradicted one another on some of those details. But the eyewitnesses had no difficulty recalling the crucial facts; and we have held that a mere allegation of the dimming of memory is not sufficient to constitute the requisite prejudice. United States ex rel. Solomon v. Mancusi, supra, 412 F.2d at 90–91. See also United States v. Feinberg, 383 F.2d 60, 66 (2d Cir.), cert. denied, 389 U.S. 1044, 88 S. Ct. 788, 19 L.Ed.2d 836 (1968). In any case, the inability of the government's witnesses to recall such details and their contradictions on certain points were before the jury for whatever weight it wanted to give them in determining whether to credit the witnesses' testimony.

■ In addition Smalls himself testified and directly contradicted the government's eyewitnesses to the alleged sale. There is no indication that Smalls was affected adversely by the delay in portraying to the jury his version of what had happened. On the contrary,

his testimony was specific and unequivocal. The fact that the jury chose to believe the government's witnesses, despite their contradictions and failures of memory, rather than Smalls, is not the type of prejudice of which appellant can properly complain in attempting to demonstrate prejudice because of the delay in his trial.

■ Smalls also claims prejudice in that, on account of that delay, the agent upon whose testimony the grand jury based its indictment could not be located for trial. But while a delay might be prejudicial if it causes the unavailability of a potential defense witness (see Dickey v. Florida, 398 U.S. 30, 90 S.Ct. 1564, 26 L.Ed.2d 26 (1970)), we cannot say that the delay here prejudiced the defendant when it merely resulted in the unavailability of a potential prosecution witness, especially when the government produced four other witnesses, three of them eyewitnesses.

■ Finally, in any event, Smalls waived his right to a speedy trial by failing promptly to demand that right, as required by United States v. Lustman, 258 F.2d 475 (2d Cir.), cert. denied, 358 U.S. 880, 79 S.Ct. 118, 3 L.Ed.2d 109 (1958). See also United States v. Maxwell, 383 F.2d 437, 441 (2d Cir. 1967), cert. denied sub nom. Aiken v. United States, 389 U.S. 1043, 88 S.Ct. 786, 19 L.Ed.2d 835 (1968); United States v. Roberts, 408 F.2d 360, 361 (2d Cir. 1969); United States v. Parrott, 425 F.2d 972 (2d Cir.), cert. denied, 400 U.S. 824, 91 S.Ct. 47, 27 L.Ed.2d 53 (1970).

Smalls argues that this case comes within an exception to the Lustman demand rule, mentioned in Lustman itself, that a defendant may not be "in a position to claim his right" "because of imprisonment, ignorance, or lack of legal advice." United States v. Lustman, 258 F.2d at 478. Smalls is an uneducated indigent who was in prison or the hospital during most of the delay period and who did not have appointed counsel until a few days before trial. Hence, Smalls

argues, he could not have known enough to demand his rights.

■ We disagree and hold that this possible exception to the Lustman rule does not apply here. On August 26, 1965, when Smalls' plea of not guilty was entered, he informed the district court of his desire to retain his own lawyer, and the court offered its assistance by assuring Smalls that any mail concerning his engagement of an attorney could be addressed in care of the federal court, since Smalls claimed that he was not receiving his mail in the state prison. Yet Smalls did not communicate with the court after that date concerning counsel, and he never took advantage of the court's offer of assistance. Moreover, he was in contact with the lawyer who was defending him on the state murder charges, and he never made any statement that he was unaware of his rights. Under these circumstances, Smalls should not be allowed to benefit from his failure to retain a lawyer, as he had told the district court he was going to do.

Smalls' second claim on appeal is that he was denied his right to confront the witnesses against him, because the government's witnesses could not recall certain facts and had to rely on their 5½-year-old reports. Since these witnesses depended so much on the reports and merely reiterated what was in them, Smalls argues, he was denied his right to any real effective cross-examination.

■ We reject this contention. Smalls made no motions at trial to strike any testimony on the basis of a violation of the right of confrontation. More important, the government's witnesses were in fact cross-examined. We have held that the use of past recollection recorded does not violate a defendant's right to confrontation. United States v. Kelly, 349 F.2d 720, 770–771 (2d Cir. 1965), cert. denied, 384 U.S. 947, 86 S.Ct. 1467, 16 L.Ed.2d 544 (1966).

Affirmed.