**UNITED STATES of America,**

v.

**Nathaniel BECKOM, Defendant.**

**No. 65 Cr. 844.**

United States District Court,
S. D. New York.

March 23, 1971.

Whitney North Seymour, U. S. Atty.,
S. D. N. Y., New York City, for the
United States; David A. Luttinger,
Asst. U. S. Atty., of counsel.

Milton Adler, Legal Aid Society, New
York City, for defendant; Murray Mo-
gel, New York City, of counsel.

EDWARD    WEINFELD,    District
Judge.

The defendant moves under Rule
48(b) of the Federal Rules of Criminal
Procedure to dismiss the indictment be-
cause of pre- as well as post-indictment
delay extending over a period of almost
twelve years. The indictment contains
two counts, each charging the sale of
heroin from an unstamped original pack-
age, on October 14 and on November 5,
1959. The defendant was arrested on
January 26, 1960, and since that time
there has been such "unnecessary de-
lay," both prior to and subsequent to the
indictment, as to warrant its dismissal
under the Rule—indeed, the facts are so
compelling that the United States Attor-
ney might well have moved on his own
accord for dismissal under Rule 48(a) or
to have consented to the grant of this
motion.

The defendant is now past seventy
years of age. Following his arrest in
1960, he states he was advised by feder-
al agents that if he cooperated he would
have nothing to worry about. The gov-
ernment concedes that thereafter he "co-
operated with the Bureau of Narcotics
to their satisfaction" for a period of ap-
proximately a year and a half, but that
due to illnesses and confinement to bed,
he was subsequently no longer available
for such cooperative services. Finally,
in September 1965, almost six years aft-
er the commission of the alleged offens-
es, but shortly before the expiration of
the limitation period, the current indict-
ment was returned, which the defendant
states was contrary to what he was ad-
vised, or at least contrary to his under-
standing. He states he was told by nar-
cotics agents that he did not need a law-
yer, and he had none at the time of his
arraignment, when the court directed a
plea of not guilty be entered. It ap-
pears, however, that at some point a Le-

gal Aid attorney was designated to represent him; just when it is not clear from this record. In any event, there followed further interminable delay, during which no attempt was made to bring this case to trial. According to the government, although disputed by the defendant, efforts to locate him were fruitless until April 1969, when he was located at an address in the Bronx by an agent, who reported to the United States Attorney that the defendant was "too ill and infirm to appear in court at that time."

Not surprisingly, those Assistants who were in charge of the case at its inception and during its early years are no longer members of the United States Attorney's staff. The present Assistant has no personal knowledge of the facts, but necessarily relies upon information provided him by an Assistant who had charge of the matter in 1962–66. In substance, the government's explanation for what it concedes is the "inordinate delay" in this case is that as a reward for the defendant's admitted cooperation it was decided to proceed under a "tax count," with the anticipation that the defendant would plead guilty; that because of the difficulty in locating the defendant this was never done. However, this does not excuse the government's failure to move this case for trial over a five and a half year period since the return of the indictment. Moreover, the defendant's allegation that government agents always knew where to locate him, and indeed called on him from time to time before the accident referred to hereinafter, that they assured him there was no need to worry about the case, and that they never requested him to come to court, is not denied.

In June 1969, the defendant, then sixty-nine years of age, was struck by a cab and confined to a hospital for over a year. He sustained a fracture of the back of his head and neck and a rod was inserted in his hip and leg. He was released about seven months ago, but still receives treatment as an outpatient. In addition to the injuries sustained as a result of the cab accident, the defendant, who is receiving welfare aid, suffers from a heart condition and tuberculosis of the spine; as he states it, he seems to "have everything a man can have and keep living."

Defendant swears that he does not now recall the events of 1959; that after the cab struck him he "can't remember too well"; that he does not remember the facts in this case; that he does not recall that a lawyer was assigned to him; and finally that he has not been in trouble with the law since 1959.

Apart from the fact that the government received full cooperation from the defendant, during which he insists he was repeatedly told not to worry, with the implicit suggestion that no prosecution would take place, his lack of memory or recall of events in 1959 appears to be genuine and would not be unusual under the facts here presented. Indeed, it is not disputed by the government. This is a case of unwarranted delay to the prejudice of the defendant, and accordingly the motion to dismiss the indictment is granted. *Cf.* United States v. Smalls, 438 F.2d 711 (2d Cir. 1971); United States ex rel. Solomon v. Mancusi, 412 F.2d 88, 90 (2d Cir.), cert. denied, 396 U.S. 936, 90 S.Ct. 269, 24 L.Ed.2d 236 (1969); United States v. Dillon, 183 F.Supp. 541, 543–544 (S.D.N.Y.1960).