**UNITED STATES of America**
v.
**Daniel X. B. SCHWARTZ, Defendant.**
**No. 65 Cr. 296.**

United States District Court,
S. D. New York.
May 7, 1971.

---

Whitney North Seymour, Jr., U. S. Atty., S.D.N.Y., New York City, for plaintiff; David M. Brodsky, Asst. U. S. Atty., of counsel.

Robert Mitchell, New York City, for defendant.

PALMIERI, District Judge.

Defendant moves pursuant to Rule 48 (b), F.R.Cr.P., to dismiss the indictment charging complicity in the preparation of a fraudulent income tax return (26 U.S. C. § 7206(2)). Defendant claims that Rule 48(b) [1] vests in the trial court the discretion to dismiss for unnecessary delay in bringing a defendant to trial and claims that such unnecessary delay has been demonstrated.

Defendant was indicted on April 1, 1965, and pleaded not guilty on May 10, 1965. The case was adjourned with the consent of defendant's counsel twelve times between May 10, 1965 and April 20, 1966. On May 16, 1966, it was marked off the calendar at the Government's request. On February 22, 1971, the Government filed a notice of readiness. At no time during this period of some 57 months (between May 16, 1966, when it was marked off the trial calendar, and February 22, 1971, when the Government filed a notice of readiness) did defendant request that the case be placed on the trial calendar, nor is there any showing that he objected to the delay. The defendant was at liberty either on bail or on his own recognizance and was at no time incarcerated. He was represented by counsel throughout.

The Government concedes that the 57 month delay in this case was "undue" within the meaning of F.R.Cr.P. 48 and the Sixth Amendment [2] but argues that in the absence of purposeful or oppressive government action and prejudice to the defendant, mere delay is insufficient to support a dismissal pursuant to Rule 48.

■ The Government's arguments appear to be supported by the Second Circuit. In United States ex rel. Solomon v. Mancusi, 412 F.2d 88, 90 (2d Cir.), cert. denied, 396 U.S. 936, 90 S.Ct. 269, 24 L.Ed.2d 236 (1969), the Second Circuit set forth the criteria to be used in adjudicating claims of this nature. These criteria have been recently reaffirmed in United States v. Smalls, 438 F.2d 711 (2d Cir. 2/22/71); United States v. Fitzpatrick, 437 F.2d 19 (2d Cir. 12/24/70); and Maxwell v. United States, 439 F.2d 135 (2d Cir. 3/1/71) (Docket No. 35464). According to these cases, the criteria to be considered are: (1) the length of the delay, (2) the reason for the delay, (3) the prejudice to the defendant, and (4) waiver by the defendant. These factors are now examined seriatim:

1. *The Length of the Delay*

The delay in this case has been 57 months and like the 5 year delay in the *Smalls* case, *supra*, is certainly long

---

1. "If there is unnecessary delay in presenting the charge to a grand jury or in filing an information against a defendant who has been held to answer to the district court, or if there is unnecessary delay in bringing a defendant to trial, the court may dismiss the indictment, information or complaint." F.R.Cr.P. 48(b).

2. "In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial * * *." Sixth Amendment, U.S.Const.

enough "to call for an explanation from the government as to the reason for the delay." (United States v. Smalls, *supra*, 438 F.2d at 713). Whether it was an undue delay depends upon an evaluation of the factors which follow.

### 2. The Reason for the Delay

The only reason the Government advances is inadvertence. Whether or not this satisfies the *Smalls* and *Solomon* standards is questionable. In *Smalls* the court stated that "with respect to such reason [for the delay] there is no showing that the delay here was caused by purposeful or oppressive governmental action, as required by United States v. Dooling, 406 F.2d 192, 196 (2d Cir.), cert. denied sub nom Persico v. United States, 395 U.S. 911, 89 S.Ct. 1744, 23 L.Ed.2d 224 (1969). * * *" (United States v. Smalls, *supra* at 713). In Pollard v. United States, 352 U.S. 354, 361–362, 77 S.Ct. 481, 1 L.Ed.2d 393 (1957), mere inadvertence on the part of the Government followed by immediate action upon discovery of the error was held nonoppressive. This court notes, however, the severe burdens placed upon the defendant in any criminal prosecution and also notes the new rule adopted by the Second Circuit (Second Circuit Rule Regarding Prompt Disposition of Criminal Cases, Jan. 5, 1971) requiring federal prosecutions to be brought to trial within 6 months.[3]

### 3. Prejudice to the Defendant

In *Dooling, supra,* the Second Circuit also stated "there is no doubt that before Rule 48(b) can be invoked there must be a showing that the delay prejudiced the defendant's ability to rebut the Government's case, or that the delay was caused by oppressive government action." United States v. Dooling, *supra*, 406 F.2d at 196. See also, United States ex rel. Solomon v. Mancusi, *supra*, and United States v. Fitzpatrick, *supra*. Defendant has here made no showing of prejudice to his case. His allegation that he was unable to locate a material witness, Raymond L. Garcia, has been negated by the affidavit of Special Agent Kevin P. Connolly of the Intelligence Division of the Internal Revenue Service attesting that Garcia has been located and providing his address.

### 4. Waiver

█ It has been a long standing rule in this circuit that failure to demand a speedy trial constitutes a waiver of that claim. United States v. Lustman, 258 F.2d 475 (2d Cir.) cert. denied 358 U.S. 880, 79 S.Ct. 118, 3 L.Ed.2d 109 (1953). This rule has been recently reaffirmed in Maxwell v. United States, *supra*. It is undisputed that defendant herein made no demands for a speedy trial within the purview of the *Lustman* rule.

█ It is with reluctance that the court is constrained to refuse to dismiss this stale indictment, especially in light of the new 6 month rule referred to *supra*. But in the absence of a showing of prejudice and in the light of what appears to be the view of the Second Circuit, no other conclusion appears possible. The claims of defendants with respect to alleged violations of their right to a speedy trial have been given close attention by the district courts and the conclusion reached here is entirely reconcilable with their conclusions. See Unit-

---

3. Second Circuit Rule Regarding Prompt Disposition of Criminal Cases (Jan. 5, 1971):

* * * * *

4. In all cases the government must be ready for trial within six months from the date of the arrest, service of the summons, detention, or the filing of a complaint or of a formal charge upon which the de-

fendant is to be tried (other than a sealed indictment), whichever is earliest. If the government is not ready for trial within such time, or within the periods as extended by the district court for good cause, then, upon application of the defendant or upon motion of the district court after opportunity for argument, the charge shall be dismissed.

ed States v. Mann, 291 F.Supp. 268 (S.D. N.Y.1968); United States v. Dallago, 311 F.Supp. 227 (E.D.N.Y.1970).

The Government is directed to move for immediate trial.

Motion denied. It is so ordered.