**UNITED STATES of America**

v.

**Gerardo A. RE, a/k/a Jerry A. Re, Gerardo F. Re and Charles A. Casagrande, a/k/a Charles A. Grande, Defendants.**

**65 Cr. 566.**

United States District Court,
S. D. New York.

Jan. 4, 1972.

Whitney North Seymour, Jr., U. S. Atty., S.D.N.Y., by James T. B. Tripp, Asst. U. S. Atty., for plaintiff.

Phillips, Nizer, Benjamin, Krim & Ballon, New York City, by Angelo T. Cometa, New York City, for Gerardo A. Re.

MEMORANDUM

POLLACK, District Judge.

The defendant, Gerardo A. Re, moves under Rule 48(b) of the Federal Rules of Criminal Procedure to dismiss the indictment because of post-indictment delay extending over a period of six years. The indictment, filed June 22, 1965, against movant and two other defendants, contained eight counts, two of which charged movant with tax evasion in 1958 and 1959, three with understating income allegedly earned during 1958 and 1959; and one with conspiracy beginning in 1954 and continuing to the date of the indictment.

The issue raised by this motion is whether the Court should exercise its discretion to dismiss the indictment against a defendant presently 75 years of age whose health has progressively worsened since the time of the indictment to the point that a serious question has now arisen as to his physical ability ever to stand trial.

The movant contends that deterioration of his health amounts to prejudice which, when coupled with unjustified delay, constitutes a violation of his rights under the Fifth and Sixth Amendments.

The government contends that the delay arose from defendant's requests for an opportunity to cooperate with it in respect to certain other investigations not connected with this case; that defendant requested that the case not proceed until such opportunity was extended; and that at all times the government has been ready to proceed to trial.

■ The four factors relevant to a consideration of whether denial of a speedy trial denies due process or Sixth Amendment rights are (1) the length of delay, (2) the reason for delay, (3) the prejudice to defendant, and (4) waiver by defendant. In United States v. De Masi, 445 F.2d 251, 255 (2d Cir. 1971); United States v. Simmons, 338 F.2d 804, 807 (2d Cir. 1964). These factors are to be considered together because they are interrelated. United States ex rel. Von Cseh v. Fay, 313 F.2d 620, 623 (2d Cir. 1963).

The length of delay in this case is, of course, quite significant, although it need not be determined whether, as movant contends, the length of delay alone gives rise to a presumption of prejudice. Cf. United States v. Blanca Perez, 310 F.Supp. 550 (S.D.N.Y.1970) (Motley, J.) (Inordinate and unexcused delay of four years from the filing of the indictment held prima facie prejudicial so that defendant need not show any more particularized prejudice beyond faded memory.).

The reason for the delay advanced by the government, that it provided an opportunity as requested by the defendant to cooperate, is unimpressive as it is difficult to perceive what relation the investigation of other activities not connected with defendant's case has on the necessity for a prompt trial of his case. See, United States v. Beckom, 324 F. Supp. 253 (S.D.N.Y.1971) (Weinfeld, J.).

■ Prejudice may arise for the purposes of a motion under Rule 48(b) from deterioration of health and advancing age during the delay interim. United States v. Roberts, 293 F.Supp. 195 (S.D.N.Y.1968) (Bonsal, J.); United States v. Beckom, supra. But cf., United States v. Stracuzza, 158 F.Supp. 522 (S.D.N.Y.1958) (Dawson, J.).

■ Assuming that the allegations of the government with respect to defendant's request for a delay while he cooperated are correct, it is the law in this Circuit that waiver is not unfailingly the determinative factor under Rule 48(b) but may be outweighed by the other factors as they may appear in a given case. United States v. Roberts,

**1178**

*supra*; United States v. Blanca Perez, *supra*; United States v. Mann, 291 F. Supp. 268 (S.D.N.Y.1968) (Frankel, J.).

█ Accordingly, considering the facts and circumstances herein and particularly the affidavit of an examining and highly qualified physician, that "not only slight physical effort, but nervous tension (such as standing trial) could precipitate severe angina with myocardial ischemia and possibly a myocardial infarction", the Court finds the delay to have been inordinate, legally inexcusable and prejudicial and the aspect of waiver heavily outweighed thereby.

The motion is therefore granted and the indictment against defendant Gerardo A. Re is dismissed.

So ordered.