UNITED STATES of America,
Appellee,

v.

Frank CLARK, III,
Defendant-Appellant.

No. 1268, Docket 75–1178.

United States Court of Appeals,
Second Circuit.

Argued Aug. 14, 1975.

Decided Oct. 31, 1975.

Howard F. Cerny, New York City, for defendant-appellant.

Frederick T. Davis, Asst. U. S. Atty., S. D. N. Y. (Paul J. Curran, U. S. Atty., and Robert B. Hemley, and John C. Sabetta, Asst. U. S. Attys., S. D. N. Y., on the brief), for appellee.

Before GURFEIN, VAN GRAAFEILAND and MESKILL, Circuit Judges.

**VAN GRAAFEILAND, Circuit Judge:**

Appellant was convicted following a jury trial in the United States District Court for the Southern District of New York of having knowingly transported a stolen diamond in interstate commerce in violation of 18 U.S.C. § 2314.[1] The diamond, which was set in a platinum ring, was on sale for $62,500 at the Neiman-Marcus store in Dallas and disappeared sometime between May 1972 and July 1972. Appellant, a Florida attorney with reported gross earnings of $16,000 on his 1972 tax return, claims that, in May of that year, he purchased the ring for $20,000 from a friend, since deceased, without having had it appraised and without seeing or receiving a bill of sale. Arguing the believability of this tale in support of his contention that his guilt was not proven beyond a reasonable doubt, he urges reversal. We think the trial court properly submitted the issues to the jury with correct instructions; and, finding no other error, we affirm.

Conviction under § 2314 requires proof of three elements:

1) that the value of the goods exceeded $5,000;

2) that defendant transported them in interstate commerce;

3) that defendant knew that they had either been stolen, converted or taken by fraud.

*Johnson v. United States,* 207 F.2d 314, 319 (5th Cir. 1953), *cert. denied,* 347 U.S. 938, 74 S.Ct. 632, 98 L.Ed. 1087 (1954).

Appellant would add a fourth element: viz., that the goods were in fact stolen. He challenges the indictment for lack of such allegation and argues insufficiency of proof on the same issue.

■ The indictment, which tracked the language of the statute, charged that defendant transported the ring "knowing the same to have been stolen, converted or taken by fraud." It would, of course, have been impossible for ap-pellant to have known that the ring was stolen if, in fact, it had not been. The latter is implicit in the former. *See Hagner v. United States,* 285 U.S. 427, 431, 52 S.Ct. 417, 76 L.Ed. 861 (1932). We see no necessity, therefore, for a redundant separate allegation of theft.

■ Proof that the ring was stolen, while circumstantial, was sufficient. *United States v. Dekunchak,* 467 F.2d 432 (2d Cir. 1972). Circumstantial evidence may, under some circumstances, be as probative as direct testimony. *United States v. Bowles,* 428 F.2d 592, 597 (2d Cir.), *cert. denied,* 400 U.S. 928, 91 S.Ct. 193, 27 L.Ed.2d 188 (1970). We have held on a number of occasions that under § 2314 the unexplained disappearance of carefully handled and closely guarded goods suffices to support an inference of theft. *United States v. Jacobs,* 475 F.2d 270 (2d Cir.), *cert. denied,* 414 U.S. 821, 94 S.Ct. 116, 38 L.Ed.2d 53 (1973); *United States v. Owens,* 420 F.2d 305 (2d Cir. 1970). Viewing the testimony in the light most favorable to the Government, we think it established the careful handling and guarding required by these cases.

■ The jury was informed about special safes with closely guarded combinations, ever-present security personnel and strict regulations governing the movement of jewels in and out of the store. It was entitled to conclude, as it did, that there was no innocent explanation for the disappearance of the $62,500 ring, particularly when it quickly reappeared in someone else's hands without an innocent explanation for such change of possession.

■ The jury could also properly conclude, on the basis of additional testimony, that appellant knew the ring was stolen. Among the indicia of such knowledge upon which the jury could have relied were the following:

1) the purchase of expensive diamonds was not a regular occurrence in ap-

1. 18 U.S.C. § 2314 provides in pertinent part: Whoever transports in interstate or foreign commerce any goods, wares, merchandise, securities or money, of the value of $5,000 or more, knowing the same to have been stolen, converted or taken by fraud; . . . [s]hall be fined not more than $10,000 or imprisoned not more than ten years, or both.

pellant's life; yet he claims to have bought the ring for $20,000 from one who was not a jeweler without having it appraised;

2) the price appellant assertedly paid for the ring was substantially below its market value;

3) the price paid was not commensurate with appellant's reported income;

4) there was no documentary evidence to support either the purchase or the payment of the purchase price;

5) in May 1972, appellant testified on a deposition in an unrelated matrimonial matter that he had little or no money;

6) in a subsequent deposition in September 1972, appellant testified that he had purchased no rings for his fiancee, which is contrary to his present claim concerning the stolen ring;

7) during the twenty months that the ring was in appellant's possession, he had it examined by jewelers in such widely scattered cities as Boston, Philadelphia, San Francisco, Palm Springs, Atlanta and Bennington, and learned from several of these jewelers that the ring was worth at least $50,000;

8) appellant had a new jacket or protective mounting made in Bennington, at which time he told the jeweler that he had purchased the diamond six or seven years earlier from a salesman for DeBeers Consolidated Mines, Ltd.;

9) upon learning that the FBI was on the trail of the stolen ring, appellant attempted to retrieve it from the jeweler, to whom he had delivered it for purposes of sale, before it could be seized by the Government.

All of the foregoing must be viewed in light of the appellant's background and training. We are sure that the jury was as aware as we are of the fact that appellant was a lawyer, unable to claim the naivete of an inexperienced and legally unsophisticated layman. It could well have rejected his claim of innocent ignorance and concluded that he deliberately closed his eyes to avoid knowledge of the theft or proceeded with a reckless disregard of whether it had taken place. *United States v. Brawer*, 482 F.2d 117, 127 (2d Cir. 1973), *cert. denied*, 419 U.S. 1051, 95 S.Ct. 628, 42 L.Ed.2d 646 (1974).

■ Appellant's possession of the diamond came to the attention of the FBI when the jeweler to whom appellant offered it for sale sent it to a diamond firm for examination. This firm turned out to be the one which had consigned the ring to Neiman-Marcus. We see no error in the subsequent interview of appellant by the FBI without a prior *Miranda* warning, since the interview, voluntarily given, was neither custodial nor coercive. *United States ex rel. Sanney v. Montanye*, 500 F.2d 411 (2d Cir.), *cert. denied*, 419 U.S. 1027, 95 S.Ct. 506, 42 L.Ed.2d 302 (1974). Contrary to appellant's contention, the information obtained from the consignor, and through the interview furnished sufficient probable cause for issuance of a search warrant through which the authorities secured possession of the diamond from the jeweler. *United States v. Cangiano*, 491 F.2d 906 (2d Cir.), *cert. denied*, 419 U.S. 904, 95 S.Ct. 188, 42 L.Ed.2d 149 (1974).

■ There was no error in the court's instructions or its modified *Allen* charge. *United States v. Zane*, 495 F.2d 683 (2d Cir.), *cert. denied*, 419 U.S. 895, 95 S.Ct. 174, 42 L.Ed.2d 139 (1974).

Appellant's complaints concerning portions of the prosecutor's opening statements, to which no objection was made, are completely without substance. The United States Attorney did no more than outline what he expected to prove and point out the importance of the case to both the Government and the defendant. *United States v. Somers*, 496 F.2d 723 (3d Cir.), *cert. denied*, 419 U.S. 832, 95 S.Ct. 56, 42 L.Ed.2d 58 (1974).

The judgment is affirmed.