UNITED STATES of America,
Plaintiff, Appellee,

v.

Rafael Belgodere MORA, Defendant,
Appellant.

No. 78–1039.

United States Court of Appeals,
First Circuit.

Argued April 3, 1979.

Decided May 17, 1979.

Scott Kalisch, San Juan, P. R., by appointment of the court, for defendant, appellant.

Jose A. Quiles, Asst. U. S. Atty., San Juan, P. R., was on brief for plaintiff, appellee.

Before COFFIN, Chief Judge, CAMPBELL and BOWNES, Circuit Judges.

COFFIN, Chief Judge.

Appellant was indicted on two counts charging that he aided and abetted in the importation of a controlled substance in violation of 21 U.S.C. § 952(a) and that he conspired to that end in violation of 21 U.S.C. § 963. The jury acquitted him of the substantive charge but convicted him of conspiracy.

The story of his conviction began May 16, 1977, when United States Customs officials at San Juan International Airport discovered a quantity of cocaine concealed in the false-bottomed shoes of a passenger arriving from Colombia, Milagros Munoz. Ms. Munoz, a known prostitute, gave a statement to a special agent of the Drug Enforcement Administration, Agent Rivera, on the basis of which he arrested the appellant. Appellant, in a statement to Rivera, admitted that he had travelled in Colombia with Munoz between May 11 and May 16, 1977, when she returned to Puerto Rico. He remained in South America until May 20. He denied having any knowledge of the cocaine. The additional evidence relating to appellant was that he is very overweight, that he had lost his job just before going to Colombia, and that he was a relatively poor person and not a profligate spender. Munoz apparently dropped out of sight and did not appear at trial,[1] so the substance of her statement was not admitted.[2] Appellant presented no evidence.

■ Appellant's primary issue on appeal is that the district court erroneously denied his motion for judgment of acquittal at the close of the government's case. In considering a claim that there was not sufficient evidence, we must determine whether the evidence presented at trial, evaluated in the light most favorable to the government, was enough to permit the jury to decide that each element of the offense was proven beyond a reasonable doubt. *United States v. Gabriner,* 571 F.2d 48, 50 (1st Cir. 1978).

■ As the court instructed the jury, the gist of conspiracy is an "agreement to disobey or to disregard the law." Moreover, "a conviction cannot be sustained unless the Government establishes beyond a reasonable doubt that the defendant had the specific intent to violate the substantive statute." *United States v. Cangiano,* 491 F.2d 906, 909 (2d Cir.), *cert. denied,* 419 U.S. 904, 933, 95 S.Ct. 188, 42 L.Ed.2d 149 (1974). In this case, the government produced absolutely no evidence linking appellant to the cocaine. There is no evidence that he made any kind of agreement with Munoz. There is no evidence of any relationship between appellant and Munoz other than that they briefly travelled together in Colombia. There is no evidence that he helped her get to Colombia, that he helped her get the cocaine or knew she had it, that he helped her get the false-bottomed shoes or knew she had them, or that he was in any way linked to her criminal venture.

This case is closely analogous to *United States v. Francomano,* 554 F.2d 483 (1st Cir. 1977), and *United States v. Mehtala,* 578 F.2d 6 (1st Cir. 1978). Those cases involved, respectively, the crew members and a passenger on a 70 foot schooner who were arrested by the Coast Guard shortly after several bales of marijuana had been thrown from the ship. Even given "the intimacy of association on a small vessel", we overturned the convictions in both cases for insufficient evidence. Presence at the scene and close association with a smuggler were not enough. In *Mehtala,* "[t]he Government's entire proof consisted of Mehtala's presence on the ship throughout the voyage and inferences of a close relationship with the . . . captain." 578 F.2d at 10. No more has been proven here, and the opportunities for Munoz to conceal her criminal activity from appellant in Colombia were far greater than on a relatively small ship.

---

1. As our discussion will show, this may well be a case where, because the government lost its key witness, it should have considered dropping the case.

2. Nonetheless, the prosecutor more than once referred to her statement as "implicating" appellant. The court correctly sustained an objection to that characterization the first time the prosecutor used it.

**684**

The inadequacy of the government's case is illustrated by the prosecutor's self-contradictory, illogical closing argument. He argued with no supporting evidence, that appellant, controlling the venture, must have paid not only for his own trip but for Munoz' trip and for the cocaine as well. On the other hand, he argued that appellant, having just been fired from a low paying job could not have afforded to take a vacation in Colombia. Unlike the prosecutor, we fail to see any relevance whatsoever in the facts that Munoz was a prostitute and appellant was overweight. He argued that since she was a prostitute she would not go to Colombia except for profit. As it happened she did go for profit, but that does not help link appellant to the crime since there was no evidence that he paid for her trip or helped her in any way to further her criminal venture. The government argued that because appellant was overweight Munoz would not have gone with him on a pleasure trip. Again, aside from the facts that it appears she had other motives for the trip and not everyone shares the prosecutor's prejudice against fat people, her motives are not evidence of a specific criminal intent on his part. By the government's theory, every physically unprepossessing person caught in the company of a prostitute would be chargeable for any crimes the prostitute might thereafter commit—a sort of guilt by unlikely association.

It is true that the jurors may draw legitimate inferences from the evidence but that does not mean that they have license to let their imaginations run rampant along the lines suggested by the prosecutor in this case. The government must introduce some evidence to link even overweight travelling companions of known smugglers to criminal activity. A defendant, we must remember, is presumed innocent and bears no burden of justifying otherwise legal activity. Because we decide that there was not sufficient evidence to support a conviction, we need not address the other issues raised on appeal.

*Reversed and remanded with directions to enter a judgment of acquittal.*